# IN RE SINDRAM

No. 90–6051.   Decided January 7, 1991

PER CURIAM.

*Pro se* petitioner Michael Sindram seeks an extraordinary writ pursuant to 28 U. S. C. § 1651 and requests permission to proceed *in forma pauperis* under this Court's Rule 39. This is petitioner's 25th filing before this Court in the October 1990 Term alone.   Pursuant to our decision in *In re McDonald*, 489 U. S. 180 (1989), we deny the motion for leave to proceed *in forma pauperis*.

Petitioner is no stranger to this Court.   In the last three years, he has filed 43 separate petitions and motions, includ-

ing 21 petitions for certiorari, 16 petitions for rehearing, and 2 petitions for extraordinary writs.[1]  Without recorded dissent, the Court has denied all of his appeals, petitions, and motions.[2]  Petitioner has nonetheless persisted in raising essentially the same arguments in an unending series of filings. Like the majority of petitioner's previous submissions to this Court, the instant petition relates to a speeding ticket that

---

[1] See *Sindram* v. *Reading*, No. 87–5734, cert. denied, 484 U. S. 1013, motion to file late petition for rehearing denied, 488 U. S. 935 (1988); *Sindram* v. *W & W Associates*, No. 87–6689, cert. denied, 486 U. S. 1024 (1988); *Sindram* v. *Taylor*, No. 88–5386, cert. denied, 488 U. S. 911, rehearing denied, 488 U. S. 987 (1988); *Sindram* v. *Maryland*, No. 89–5039, cert. denied, 493 U. S. 857 (1989); *In re Sindram*, No. 88–6538, petition for writ of habeas corpus denied, 489 U. S. 1064 (1989); *Sindram* v. *Ahalt*, No. 89–6755, cert. denied, 494 U. S. 1086 (1990); *Sindram* v. *District of Columbia*, No. 89–7266, cert. denied, 496 U. S. 940, rehearing denied, 497 U. S. 1047 (1990); *Sindram* v. *N. Richard Kimmel Prop.*, No. 89–7847, cert. denied, *ante*, p. 843, rehearing denied, *ante*, p. 973; *Sindram* v. *Washington Suburban Sanitary Comm'n*, No. 89–7848, cert. denied, *ante*, p. 843, rehearing denied, *ante*, p. 974; *Sindram* v. *Garabedi*, No. 90–5335, cert. denied, *ante*, p. 872, rehearing denied, *ante*, p. 974; *Sindram* v. *Steuben Cty.*, No. 90–5351, cert. denied, *ante*, p. 873, rehearing denied, *ante*, p. 974; *Sindram* v. *Consumer Protection Comm'n of Prince George's County*, No. 90–5371, cert. denied, *ante*, p. 874, rehearing denied, *ante*, p. 974; *Sindram* v. *Abrams*, No. 90–5373, cert. denied, *ante*, p. 874, rehearing denied, *ante*, p. 974; *Sindram* v. *Nissan Motor Corp.*, No. 90–5374, cert. denied, *ante*, p. 891, rehearing denied, *ante*, p. 974; *Sindram* v. *Ryan*, No. 90–5410, cert. denied, *ante*, p. 901, rehearing denied, *ante*, p. 974; *Sindram* v. *Sweeney*, No. 90–5456, cert. denied, *ante*, p. 903, rehearing denied, *ante*, p. 974; *Sindram* v. *Wallin*, No. 90–5577, cert. denied, *ante*, p. 944, rehearing denied, *ante*, p. 973; *Sindram* v. *McKenna*, No. 90–5578, cert. denied, *ante*, p. 944, rehearing denied, *ante*, p. 973; *Sindram* v. *Lustine Chevrolet, Inc.*, No. 90–5698, cert. denied, *ante*, p. 969; *Sindram* v. *Montgomery Cty.*, No. 90–5699, cert. denied, *ante*, p. 948, rehearing denied, *ante*, p. 973; and *Sindram* v. *Moran*, No. 90–5885, cert. denied, *ante*, p. 988, pet. for rehearing pending.  A response in *Sindram* v. *Maryland*, No. 90–5352, was received on November 19, 1990, and the petition for certiorari is presently pending.

[2] We have permitted petitioner to proceed *in forma pauperis* in each of these actions based upon his affidavit that he earns only $2,600 per year and has no assets of any value.

petitioner received on May 17, 1987, in Dorchester County, Maryland. Having already challenged his conviction for speeding in five different state and federal courts on 27 prior occasions, petitioner now requests that the Court issue a writ compelling the Maryland Court of Appeals to expedite consideration of his appeal in order that the speeding ticket may be expunged from his driving record. The petition for mandamus was filed less than three months after he filed his appeal with the Maryland court.

The mandamus petition alleges only that petitioner's "appeal in the lower court remains pending and unacted upon," and that "[a]s a direct and proximate cause of this dilatory action, Petitioner is unable to have his driving record expunged." Pet. for Mandamus 2. The legal bases offered by petitioner for relief were presented in eight prior certiorari petitions and are identical to the claims unsuccessfully presented in at least 13 of petitioner's rehearing petitions.

As we made clear in *McDonald*, the granting of an extraordinary writ is, in itself, extraordinary. 489 U. S., at 184–185; see *Kerr* v. *United States District Court for Northern District of California*, 426 U. S. 394, 402–403 (1976). On its face, this petition does not even remotely satisfy the requirements for issuance of an extraordinary writ. Petitioner has made no showing that "adequate relief cannot be had in any other form or from any other court" as required by this Court's Rule 20.1. He identifies no "drastic" circumstance to justify extraordinary relief (see *Ex parte Fahey*, 332 U. S. 258, 259 (1947)). Instead, he merely recites the same claims that he has presented to this Court in over a dozen prior petitions. Petitioner's request that we consider these claims yet again is both frivolous and abusive.

In *McDonald, supra*, we denied *in forma pauperis* status to a petitioner who filed a similarly nugatory petition for extraordinary writ. As we explained, the Court waives filing fees and costs for indigent individuals in order to promote the interests of justice. The goal of fairly dispensing justice, however, is compromised when the Court is forced to devote

its limited resources to the processing of repetitious and frivolous requests. *Pro se* petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations — filing fees and attorney's fees — that deter other litigants from filing frivolous petitions. *Id.*, at 184. The risks of abuse are particularly acute with respect to applications for extraordinary relief, since such petitions are not subject to any time limitations and, theoretically, could be filed at any time without limitation. In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system. Under the circumstances of this case, we find it appropriate to deny *in forma pauperis* status to petitioner in this and all future petitions for extraordinary relief.

Accordingly, if petitioner wishes to have his petition considered on its merits, he must pay the docketing fee required by this Court's Rule 38(a) and submit a petition in compliance with Rule 33 before January 28, 1991. The Clerk is directed not to accept any further petitions from petitioner for extraordinary writs pursuant to 28 U. S. C. §§ 1651(a), 2241, and 2254(a), unless he pays the docketing fee required by Rule 38(a) and submits his petition in compliance with Rule 33. Petitioner remains free under the present order to file *in forma pauperis* requests for relief other than an extraordinary writ, if he qualifies under this Court's Rule 39 and does not similarly abuse that privilege.

*It is so ordered.*

JUSTICE MARSHALL, with whom JUSTICE BLACKMUN and JUSTICE STEVENS join, dissenting.

To rid itself of the minor inconvenience caused by Michael Sindram, an *in forma pauperis* litigant, the Court closes its doors to future *in forma pauperis* filings by Sindram for extraordinary writs and hints that restrictions on other filings

might be forthcoming. Because I continue to believe that departures of this sort from our generous tradition of welcoming claims from indigent litigants is neither wise nor warranted by statute or our rules, see *In re McDonald*, 489 U. S. 180, 185 (1989) (Brennan, J., dissenting, joined by MARSHALL, BLACKMUN, and STEVENS, JJ.), I dissent.

As the Court documents, Sindram's filings have been numerous, and many have been frivolous. In my view, however, the Court's worries about the threats that hyperactive *in forma pauperis* litigants like Sindram pose to our ability to manage our docket are greatly exaggerated and do not support the penalty that the Court imposes upon him. We receive countless frivolous *in forma pauperis* filings each year, and, as a practical matter, we identify and dispense with them with ease. Moreover, indigent litigants hardly corner the market on frivolous filings. We receive a fair share of frivolous filings from paying litigants. Indeed, I suspect that because clever attorneys manage to package these filings so their lack of merit is not immediately apparent, we expend more time wading through frivolous paid filings than through frivolous *in forma pauperis* filings. To single out Sindram in response to a problem that cuts across all classes of litigants strikes me as unfair, discriminatory, and petty.

The Court's crackdown on Sindram's future filings for extraordinary writs is additionally disconcerting when one considers the total absence of any authority for the penalty the Court administers. As Justice Brennan keenly pointed out in *In re McDonald*, see *id.*, at 185–186, the *in forma pauperis* statute permits courts only to dismiss an action that is in fact frivolous. See 28 U. S. C. § 1915(d). That statute, however, does not authorize us prospectively to bar an *in forma pauperis* filing on the ground that the litigant's earlier filings in unrelated actions were frivolous. This Court's Rules are equally silent on the matter. Rule 39, which governs *in forma pauperis* proceedings, includes no provision allowing prospective denial of *in forma pauperis* status. While Rule

42.2 permits assessing costs and damages for frivolous filings, it says nothing about saddling an indiscriminate litigant with what amounts to an injunction on future filings.

Some of our *in forma pauperis* filings are made by destitute or emotionally troubled individuals. As we struggle to resolve vexing legal issues of our day, it is tempting to feel put upon by prolific litigants who temporarily divert our attention from these issues. In my view, however, the minimal annoyance these litigants might cause is well worth the cost. Our longstanding tradition of leaving our door open to all classes of litigants is a proud and decent one worth maintaining. See *Talamini* v. *Allstate Ins. Co.*, 470 U. S. 1067, 1070 (1985) (STEVENS, J., concurring).

Moreover, we should not presume in advance that prolific indigent litigants will never bring a meritorious claim. Nor should we lose sight of the important role *in forma pauperis* claims have played in shaping constitutional doctrine. See, *e. g.*, *Gideon* v. *Wainwright*, 372 U. S. 335 (1963). As Justice Brennan warned, "if . . . we continue on the course we chart today, we will end by closing our doors to a litigant with a meritorious claim." *In re McDonald, supra*, at 187. By closing our door today to a litigant like Michael Sindram, we run the unacceptable risk of impeding a future Clarence Earl Gideon. This risk becomes all the more unacceptable when it is generated by an ineffectual gesture that serves no realistic purpose other than conveying an unseemly message of hostility to indigent litigants.

I dissent.

JUSTICE BLACKMUN, with whom JUSTICE MARSHALL joins, dissenting.

I join JUSTICE MARSHALL's dissent. I write separately simply to emphasize what seems to me to be the inappropriateness of the Court's action in this particular case. Even if one believes, as I do not, that this Court has the authority prospectively to deny leave for a litigant to proceed *in forma pauperis*, and in some instances may be justified in doing so,

I cannot conclude that such action is warranted in this case. Jessie McDonald, the first *pro se* litigant to whom this Court has barred its doors prospectively, had filed 19 petitions for extraordinary relief when the Court concluded that he had abused the privilege of filing *in forma pauperis*. See *In re McDonald*, 489 U. S. 180, 181, and n. 3 (1989). See also *Wrenn* v. *Benson*, 490 U. S. 89 (1989). As the Court today acknowledges, however, Michael Sindram has filed only two petitions for extraordinary relief since 1987: a petition for writ of habeas corpus filed in 1988 and the pending petition for mandamus. *Ante*, at 178, and n. 1.

While it may well be true that each of Sindram's petitions for extraordinary relief lacked merit, it cannot be, as the Court asserts, that these two petitions have "compromise[d]" the "goal of fairly dispensing justice," or "disrupt[ed] the fair allocation of judicial resources." *Ante*, at 179–180. Rather, the Court's order in this case appears to be nothing more than an alternative for punishing Sindram for the frequency with which he has filed petitions for certiorari and petitions for rehearing. *Ante*, at 177–178. Accordingly, I dissent.