43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jim HOUSLEY, Petitioner-Appellant,
v.
Bobby BOONE, Warden; Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 94-6026.
 United States Court of Appeals,
 Tenth Circuit.
 Dec. 14, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Petitioner-Appellant Housley appeals the dismissal of his petition for writ of habeas corpus. Housley filed a petition for writ of habeas corpus under 28 U.S.C. 2254 in the United States District Court for the Eastern District of Oklahoma challenging his criminal conviction by an Oklahoma state court for drug trafficking, withholding stolen property, and unlawful possession of paraphernalia.[2] The district court subsequently transferred Housley's action when the court became aware that the challenged conviction was located within the territorial jurisdiction of the Western District of Oklahoma.
 
 
 3
 Once transferred, the Western District of Oklahoma dismissed Housley's action based on a magistrate's findings and recommendation. In particular, the court ruled that Housley's petition should be dismissed for failure to exhaust state remedies or, in the alternative, for failure to comply with procedural requirements that had been previously imposed on Housley's ability to file in forma pauperis actions. We affirm the district court's ruling based on Housley's failure to follow the filing requirements. Accordingly, we do not reach the exhaustion issue or the merits of Housley's claims.
 
 
 4
 The Western District of Oklahoma imposed special restrictions on Housley's ability to file future actions in that district in June 1992 because the court found that Housley had abused the judicial process and filed frivolous and repetitive actions. Housley v. State of Oklahoma, CIV-92-785-B (W.D. Okla. June 4, 1992). In particular, the court required Housley to show that his claims were well grounded and not the subject of previous or concurrent actions before Housley would be granted leave to file in forma pauperis in any future suits. The Supreme Court has held that abuses of the in forma pauperis privilege may justify the denial of in forma pauperis status in future filings. In re Sindram, 498 U.S. 177, 180 (1991).
 
 
 5
 In the present action, Housley did not follow these special filing requirements. The Eastern District of Oklahoma, where Housley originally filed his habeas petition, granted Housley's motion for leave to file in forma pauperis before it became aware that the case properly belonged in the Western District of Oklahoma and transferred the case.[3] However, the Eastern District's actions do not preclude the Western District from dismissing the petition for failure to follow filing requirements. Housley was required to follow the valid restrictions imposed by the jurisdiction in which his action properly should have been filed. Housley has neither challenged the transfer nor the court's conclusion that he did not follow the imposed filing requirements. Accordingly, we conclude that dismissal was appropriate for failure to follow the filing requirements.
 
 
 6
 The district court's ruling is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Housley claims that his conviction and sentence are invalid because: (1) he was denied his constitutional right to appointed attorney for the trial; and (2) the statute under which he was convicted unconstitutionally prohibited him from receiving good time credits. Housley also challenged his conviction initially because he claimed he was denied an attorney for appeal, but Housley concedes that this claim has become moot
 
 
 [3]
 Housley's petition should have been filed in the Western District of Oklahoma because that is where the challenged conviction occurred