Robert E. COTNER, Petitioner,

v.

CREEK COUNTY DISTRICT COURT, Creek County, Warden Cody, Warden Cody, Creek County, State of Oklahoma and Warden Cody, Warden Hargett and State, Respondents.

Nos. O 95–0521, O 95–0742, H 95–0761, O 95–0767, O 95–1019, PC 95–0983 and H 95–1072.

Court of Criminal Appeals of Oklahoma.

Jan. 11, 1996.

Order Declining Jurisdiction Feb. 16, 1996.

## ORDER DENYING RELIEF AND PROHIBITING PETITIONER FROM FILING FURTHER PLEADINGS IN FORMA PAUPERIS

Petitioner, pro se and in forma pauperis, has filed the following petitions and motions:

### I. O 95–0521

On July 5, 1995, Petitioner tendered for filing a motion to modify and correct this Court's June 27, 1995, Order granting writ of mandamus. The June 27, 1995, Order directed the District Court of Creek County to rule upon an application for post-conviction relief if the application had been filed and if the District Court had not ruled upon it. Petitioner now contends an application for a writ of habeas corpus is also pending in the District Court which has not been acted upon.

However, an order of the District Court filed in this Court on August 31, 1995, reflects the District Court ruled upon Petitioner's application for post-conviction relief and Petitioner's application for a writ of habeas corpus. Therefore, Petitioner's motion to

modify and correct the June 27, 1995, Order is DENIED for being moot.

## II. *O 95–0742*

On July 6, 1995, Petitioner filed a Petition for Writ of Mandamus directing the District Court of Creek County to rule upon an application for a writ of habeas corpus filed in the District Court on November 7, 1994. As set forth above, as the District Court subsequently ruled upon Petitioner's application for a writ of habeas corpus, Petitioner's application in this Court for extraordinary relief is DENIED for being moot.

## III. *H 95–0761*

On June 26, 1995, Petitioner filed in the Supreme Court of the State of Oklahoma a "Petition for Certiorari" complaining that the District Court of Creek County had not ruled upon his petition for a writ of habeas corpus filed in the District Court on November 7, 1994, and because this Court declined jurisdiction of his petition for a writ of habeas corpus in an Order issued June 12, 1995. The Supreme Court transferred this matter to this Court on July 10, 1995, finding the matter falls within the exclusive jurisdiction of this Court.

The record reflects this Court declined jurisdiction of Petitioner's application for a writ of habeas corpus on April 26, 1995, and again on June 12, 1995, because Petitioner failed to show that he had sought and been denied relief in the proper District Court before making application to this Court.

Again, however, relief is DENIED as this issue is moot as the District Court subsequently ruled on Petitioner's application for a writ of habeas corpus.

## IV. *O 95–0767*

On July 11, 1995, Petitioner filed in this Court a "Petition in Error and Appeal of Lower Courts Denial Order". Petitioner appears to be attempting to appeal a denial of a writ of mandamus by the District Court of Cleveland County. However, Petitioner failed to make part of the record a copy of the order of the District Court of Cleveland County denying relief as required by 22 O.S.Supp.1994, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 10.1.

## IV. H 95–0761—BUT SHOULD BE *O 95–0767*

On July 18, 1995, Petitioner filed a "Supplemental Brief in Support of Petition in Error and Appeal" attaching a copy of the order of the District Court of Cleveland County not included with his application for relief filed July 11, 1995, in Case No. O 95–0767. Petitioner also filed a Motion for Appointment of Counsel and Brief.

The District Court of Cleveland County, Case No. CJ–95–715, denied Petitioner's application for a writ of mandamus for the reason that Petitioner had not shown a clear legal right vested in him and had not shown that the District Court had refused to perform a plain legal duty which does not involve the exercise of discretion.

For a writ of mandamus Petitioner has the burden of establishing: (1) he/she has a clear legal right to the relief sought; (2) the respondent's refusal to perform a plain legal duty not involving the exercise of discretion; and (3) the adequacy of mandamus and the inadequacy of other relief. Rule 10.6(B).

Petitioner has not met this burden. As the issues raised are attacking the Judgment and Sentence, the appropriate method to obtain relief is an application for post-conviction relief filed in the District Court pursuant to 22 O.S.1991, § 1080 et seq., and 22 O.S.Supp. 1994, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Section V.

Accordingly, Petitioner's application for a writ of mandamus in Case No. F 95–0761 is **DENIED.**

## V. *H 95–0761*

On August 18, 1995, Petitioner filed a "Motion to Deem Confessed" the petition for a writ of habeas corpus filed in the District Court of Creek County November 7, 1994.

Relief is DENIED. This issue is moot as the District Court subsequently ruled on Petitioner's application for a writ of habeas corpus.

## VI. *O 95–0521*

On August 29, 1995, Petitioner filed a "Motion For Order Granting Imeadiate [sic] Re-

lease Pursuant to Following". Petitioner argues that the District Court of Creek County failed to rule on an application for a writ of habeas corpus filed in the District Court on November 7, 1994. Petitioner argues the District Court did not have subject matter jurisdiction in Case No. CRF–91–194 and is entitled to immediate release.

Again, relief is DENIED as this issue is moot as the District Court subsequently ruled on Petitioner's application for a writ of habeas corpus.

Additionally, we note that Petitioner's conviction in Case No. CRF–91–194 was affirmed in an Opinion issued by this Court on October ·25, 1994, and the issue Petitioner raises is not appropriate for a writ of habeas corpus.

## VII. *PC 95–0983*

On September 5, 1995, Petitioner filed an appeal of the denial of his application for post-conviction relief in the District Court of Creek County, Case No. CRF–91–194. On September 14, 1995, without leave of this Court, Petitioner filed a brief in support of his application for post-conviction relief. *See* Rule 5.2.

However, Rule 5.2(C)(1) requires the applicant to file a certified copy of the order of the District Court with the petition in error and supporting brief. In this case the order of the District Court denying Petitioner relief is not certified as required by Rule 5.2(C)(1). Therefore, we DECLINE jurisdiction of this matter.

On October 18, 1995, Petitioner filed a "Motion For Default ..." because the State failed to timely respond. Petitioner fails to cite any authority for this contention. Rule 5.2(C)(2) requires an answer brief be filed in post-conviction appeals only when directed by this Court. And, as set forth above, jurisdiction of this matter is **DECLINED.**

On November 15, 1995, Petitioner filed a "Motion and Brief in Support of Remand to Lower Court For Hearing" arguing he did not waive his right to a grand jury indictment and that he had ineffective counsel.

This pleading was filed in this Court without leave and without first being presented to the District Court as required by the Rules of this Court. *See* Rule 5.2(A). Jurisdiction is DECLINED.

## VIII. *O 95–1019*

On April 11, 1995, Petitioner filed a "Petition to Certify Questions to the Oklahoma Supreme Court ...". On May 11, 1995, the Supreme Court directed the District Attorney to file a response. On May 17, 1995, Petitioner filed a Motion for Appointment of Counsel and Brief in the Supreme Court. On June 2, 1995, Petitioner filed in the Supreme Court a "Motion to Grant Default Against Respondents and Deem Confessed as True". On June 15, 1995, the Supreme Court directed the Attorney General to file a response to "the various filings by petitioner". On July 12, 1995, Petitioner filed a "Motion For Default Judgment". On September 13, 1995, the Supreme Court transferred the matters to the docket of this Court finding the subject falls within the exclusive jurisdiction of this Court.

Petitioner's pleading sets forth fourteen (14) questions concerning his conviction in Case No. CRF–91–194 in the District Court of Creek County which he seeks to be addressed. This is an attempt by Petitioner to circumvent the statutory provisions for post-conviction relief. Methods of appeal are set out by statute and are strictly construed.

Petitioner's conviction in Case No. CRF–91–194 was affirmed by this Court in an Opinion issued October 25, 1994. The application for post-conviction relief was denied by the District Court and has not been properly appealed to this Court as set forth above. Petitioner cites no authority to file this type of pleading and we find none. Therefore, jurisdiction of this matter is DECLINED.

## IX. *PC 95–0983*

On September 25, 1995, Petitioner filed a Petition for Writ of Mandamus alleging he is entitled to a writ of mandamus directing the District Court of Creek County to grant him a new trial and set aside his conviction because the trial court did not have subject matter jurisdiction.

As set forth above, Petitioner has not met the burden for a writ of mandamus. As the issue raised attacks the Judgment and Sentence, the appropriate method to obtain relief is through a post-conviction application and not an application for extraordinary relief. This matter is barred by res judicata based upon the Opinion issued on direct appeal.

### X.  *H 95–1072*

On September 22, 1995, Petitioner filed in the Oklahoma Supreme Court a "Petition to Exercise This Court's Constitutional Superintending Authority On All Inferior Courts To Grant Civil Relief" complaining that he is being illegally held in custody as the District Court of Creek County was without subject matter jurisdiction to issue judgment in Case No. CRF–91–194. The Oklahoma Supreme Court transferred the matter to this Court on September 25, 1995.

On September 28, 1995, Petitioner filed an objection to the Supreme Court's transfer order and a motion to recall the order transferring the case.

Jurisdiction of this matter is **DECLINED.**

Petitioner has filed at least forty-seven (47) separate petitions and motions, including the ten (10) addressed within this Order, with numerous additional filings relating to these cases:

*FILED      PLEADING/DISPOSITION*

1. F 92–0866. Direct Appeal of Case No. CRF–91–194 in the District Court of Creek County. Petitioner was represented by counsel. Pro se, Petitioner attempted to file the following:

Motion to and Supplement to Petition in Error

Supplement to Petition in Error Pro Se Supplement and Brief in Support

Brief in Support of Supplement to Petition in Error

Motion to Amend Supplement

2nd Motion to Supplement Petition in Error

Motion to Amend Brief

Arguments and Brief Pro Se in Support of Appellant

Counsel's Petition and Brief in Error

2/17/93   Order Denying Pro Se Motion to Supplement Petition in Error

10/25/94   Summary Opinion affirming Petitioner's conviction in Case No. CRF–91–194 in the District Court of Creek County.

11/2/94   Pro se, Petition for Rehearing

11/7/94   Brief in Support of Petition for Rehearing

12/8/94   Order Denying Petition for Rehearing

2. The following were filed in P 92–0197, Case No. CRF–91–194 in the District Court of Creek County:

3/5/92   Motion to Proceed in Forma Pauperis and Affidavit in Support

3/5/92   Petition for a Writ of Prohibition or Mandamus

4/6/92   Motion to Compel Written Response

4/6/92   Petition for Appointment of Counsel

5/15/92   Motion to Issue Order Setting Aside Verdict and Affidavit in Support

6/4/92   Order Declining to Assume Jurisdiction

3. The following were filed in O 92–1220:

12/24/92   Petition for Writ of Mandamus, Case No. CRF–91–194 in the District Court of Creek County

1/27/93   Motion to Stay January Order for Destruction of Items Forfeited in C–91–350 and Motion to Accept Attached Index as Admitted Proof of Evidence Proving Innocence in CRF–91–194 That Was Withheld

2/17/93   Order Declining Jurisdiction

4. The following were filed in H 93–0083:

1/27/93 [1]   Petition for Writ of Habeas Corpus

Letter from Petitioner

Supplement to Record

Motion and Brief in Support

Motion for Appointment of Counsel

Traverse and Response to State's Motion to Dismiss

Supplement to Brief

1/28/93   Motion for Extraordinary Relief

---

**1.** Transferred from the Supreme Court of the      State of Oklahoma.

First Amended Brief

Motion to Accept Attached as Newly Discovered Evidence

Motion to Judge Lane

2/3/93 Motion to Consolidate

2/16/93 Order Denying Petition for Writ of Habeas Corpus, Petition for Writ of Mandamus, Motion for Bail Pending Appeal and Appointment of Counsel

5. The following were filed in O 93–0091:

2/1/93 Notice of Appeal and Appeal, Case No. CRF–91–194 in the District Court of Creek County

3/4/93 Order Declining Jurisdiction

6. The following were filed in PC–93–0121:

2/11/93 Petition in Error, Case No. CRF–76–1099 in the District Court of Tulsa County

2/16/93 Brief in Support of Appeal

2/16/93 Notice of Stipulated and Confessed Issues Warranting Immediate Release

3/4/93 Order Affirming Denial of Fourth Application for Post–Conviction Relief

7. The following were filed in H 93–0277:

3/29/93 Petition for Writ of Certiorari, Case No. CRF–91–194 in the District Court of Cleveland County

4/7/93 Motion to Supplement the Records With Attached Exhibits of Evidence Originals of Which Were Withheld by State During Trial Illegally

4/30/93 Order Denying Applications for Extraordinary Relief, Motion to Supplement Record, Motion to Compel Discovery/Production and Motion to Set Aside Order

8. The following were filed in H 93–0303:

4/5/93 Petition for Writ of Habeas Corpus, Case No. CRF–91–194 in the District Court of Creek County

4/5/93 Motion to Compel Discovery/Production

4/13/93 Petition for Mandamus

4/14/93 Motion to Set Aside Order

4/30/93 Order Denying Applications for Extraordinary Relief, Motion to Supplement Record, Motion to Compel Discovery/Production and Motion to Set Aside Order

9. The following were filed in O 93–0380:

4/26/93 Petition for Rule 3.22 Rehearing and Brief, Case No. CS–93–7 in the District Court of Cleveland County

5/17/93 Order Denying Petition for Writ of Mandamus

10. The following were filed in H 93–0598:

6/22/93 Petition in Error, Case No. CS–93–7 in the District Court of Cleveland County

9/20/93 Order Declining to Assume Jurisdiction

11. The following were filed in H 95–0637:

7/6/93 Petition for Denial of Bail Review, Case No. CS–93–7 in the District Court of Cleveland County

8/26/93 Motion to Expedite

9/20/93 Order Declining to Assume Jurisdiction

12. The following were filed in O 93–1001:

10/4/93 Petition For Writ of Mandamus, Case No. CRF–91–194 in the District Court of Creek County

10/19/93 Motion to Accept Copy as Newly Discovered Evidence in Support of Petition

11/15/93 Order granting writ of mandamus directing the District Court to act upon Petitioner's application for a writ of mandamus filed in the District Court if the writ was filed and the District Court had not already acted upon it

12/22/93 Motion to Compel Release

12/28/95 District Court order denying twenty motions filed in the District Court: Motion for Newly Discovered Evidence filed 6/21/93; Nunc Pro Tunc Petitioner filed 6/25/93; Petition for New Trial filed 6/25/93; Supplement to Petition for New Trial filed 6/25/93; Motion to Accept 6/15 Filing of the March 25th Search Warrant as Newly Discovered Evidence filed 6/30/93; Motion for Dismissal of Charges filed 7/13/93; Motion to Deem Confessed filed 8/31/93; Petition for Release on O.R. Bond Pending Disposition of Motion for New Trial filed 8/31/93; Motion for Summary Judgment filed 9/8/93; Objection to Response of Respondents and Traverse filed 9/13/93; Motion to Disqualify Don Nelson filed 9/13/93; Motion to Strike

Response of Prosecutor and Traverse to Response filed 9/13/93; Objection to State's Response and Traverse filed 9/13/93; Judicial Notice and Motion for Order filed 9/13/93; Motion to Overrule State's Response to Petitioner's Objection to Response of Respondents and Traverse filed 10/13/93; Traverse to Response to Motion to Disqualify Don Nelson filed 10/13/93; Objection to Response to Petitioner's Motion to Strike the Sign and Etc. filed 11/18/93; Petition for Writ of Habeas Corpus filed 11/18/93; and Motion for Appointment of Counsel for Motion for New Trial filed 12/3/93.

13. The following were filed in H 93–1394:

12/20/93 Petition for Writ of Habeas Corpus

12/22/93 Brief in Support of Habeas Corpus

12/30/93 Supplemental Brief in Support of Petition

2/22/94 Order Denying Applications for Extraordinary Relief

14. The following were filed in O 93–1413:

12/23/93 Petition in Error

2/22/94 Order Denying Application for Extraordinary Relief

15. The following were filed in O 94–0275:

3/11/94 Petition in Error

4/8/94 Order Declining Jurisdiction

9/23/94 Request to Enter Default

9/30/94 Amended Brief or Supplemental Brief in Support of Habeas Corpus and Motion to Dismiss—tendered for filing[2]

16. The following were filed in O 94–0384:

4/4/94 Petition for Mandamus or Release on Bond, O.R.

6/29/94 Order Denying Application for Writ of Habeas Corpus

17. The following were filed in H 94–0667:

6/14/94 Petition for Writ of Habeas Corpus

6/14/94 Brief in Support of Petition for Habeas Relief

6/29/94 Order Denying Application for Writ of Habeas Corpus

18. The following were filed in O 94–0812:

7/18/94 Petition in Error, Case No. CRF–91–194 in the District Court of Creek County

7/25/94 Motion to Accept Attached Copies

10/5/94 Order Denying Petition for Writ of Habeas Corpus

19. The following were filed in H 94–0883:

8/9/94 Petition in Error and/or Habeas Corpus & Brief, Case No. C–94–16 in the District Court of Cleveland County

8/31/94 Amended Brief or Supplemental Brief in Support of Habeas Corpus and Motion to Dismiss

10/5/94 Order Declining Jurisdiction

20. The following were filed in H 94–1343:

12/19/94 Petition in Error for Appeal of Lower Court's Order & Brief, Case No. CJ–94–16 in the District Court of Cleveland County

1/30/95 Order Denying Petition for Writ of Habeas Corpus

21. The following were filed in O 95–0521:

5/23/95 Petition for Writ of Mandamus, Case No. CRF–91–194 in the District Court of Creek County

6/27/95 Order granting writ of mandamus directing the District Court to act upon Petitioner's application for a writ of mandamus filed in the District Court if the writ was filed and the District Court had not already acted upon it

8/29/95 Motion for Order Granting Immediate Release

8/31/95 Order of the District Court denying post-conviction relief in Case No. CRF–91–194. The District Court order reflects that Petitioner filed 31 additional pleadings in support of his post-conviction application which were all denied: Petition for Writ of Habeas Corpus filed 11/7/95; Amended Brief or Supplemental Brief in Support of Habeas Corpus and Motion to Dismiss filed 11/7/94; Motion to Accept This Document in Support of Both Habeas Corpus and Post–Conviction Application filed 11/23/94; Compilation of Various Documents

---

**2.** Jurisdiction of this matter was declined April 8, 1994. We find no authority for Petitioner to attempt to file an "Amended Brief or Supplemental Brief" five months after the Court declined jurisdiction. We also find Petitioner's attempt to file a "Request to Enter Default" five months after the Court declined jurisdiction to be without authority.

Marked New Evidence—various dates; Motion for Resentencing filed 12/5/94; Motion to Vacate or Modify Judgment Predicated Upon Fraud by Prosecutor filed 12/9/94; Supplement to Petition for Habeas Corpus and Post–Conviction Application filed 12/16/94; Motion to Subpoena Hostile Witnesses for Post–Conviction Hearing filed 12/25/94; Motion for Stipulations filed 12/25/94; Request for Hearing filed 12/28/94; Petition for Writ of Habeas Corpus Ad Testificandum filed 1/6/95; Motion to Deem Confessed and Grant Default Against the Respondents filed 1/23/95; Brief of Appellate Delay Claims Cause and Prejudice filed 1/27/95; Objection to Extension of Time and Renewed Motion to Recuse Loeffler filed 2/9/95; Supportive Proposition and Arguments for Immediate Relief filed 2/17/95; Motion to Advance Cause for Hearing and to Rule on the Merits of the Post–Conviction, or Grant Habeas filed 2/3/95; Petition for Writ of Habeas Corpus Ad Testificandum filed 2/24/95; Arguments in Support of Habeas or Hearing on Post–Conviction filed 2/24/95; Traverse and Objection to Response and Brief to/for Post–Conviction Relief dated 3/1/95; Supplemental Traverse and Objection with Brief filed 3/27/95; Motion for Hearing Date Certain filed 3/27/95; Objection to Renewed Brief in Support of Motion for Restrictions filed 3/27/95; Motion for Sanctions Against Loeffler filed 3/27/95; Motion to Advance Post–Conviction Hearing filed 5/24/95; Arguments for Hearing or Habeas Release filed 7/6/95; Affidavit for Post–Conviction and Habeas Relief dated 7/7/95; Motion for Judgment dated 7/17/95; Motion to Overrule Post–Conviction Response Based on New Federal Rulings dated 8/3/95; Motion to Quash Information and Dismiss Charges dated 8/4/95; Motion for Order of Release filed 8/16/95; Motion for Order Granting Immediate Release dated 8/20/95.

22. The following were filed in H 95–0211:

3/7/95  Petition to Grant Habeas or Release on O.R. Bond Pending Appeal

4/26/95  Order Declining Jurisdiction

23. The following were filed in H 95–0371:

4/20/95  Petition for Writ of Habeas Corpus and to Assume Original Jurisdiction & Brief, Case No. CRF–91–194 in the District Court of Creek County

5/3/95  Motion for Appointment of Counsel and Brief

5/3/95  Motion to Include Record of H–95–211

5/23/95  Motion for Ruling Granting Release

5/23/95  Request to Enter Default

5/23/95  Request For Default Judgment by the Clerk

6/8/95  Motion to Take Judicial Notice of Attached Uncontestable Evidence

6/12/95  Order Declining Jurisdiction

6/15/95  Motion to Reconsider Order or Notice of Intent to Appeal

6/17/95  Order Denying Motion for Rehearing

At least twenty-eight (28) of these appeals have related to Petitioner's conviction in Case No. CRF–91–194[3] in the District Court of Creek County. Petitioner's conviction in Case No. CRF–91–194 was affirmed by this Court in an Opinion issued October 25, 1994.

Petitioner has abused his access to this Court by his repeated, duplicitous and frivolous filings. As set forth in *In re Sindram*, 498 U.S. 177, 179, 111 S.Ct. 596, 597, 112 L.Ed.2d 599 (1991), courts waive filing fees and costs for indigent individuals in order to promote the interests of justice. The goal of fairly dispensing justice is compromised when courts are forced to devote their limited resources to the processing of repetitious and frivolous requests. "Pro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial re-

---

**3.** Petitioner was convicted of Count I—Possession of Controlled Drug With Intent To Distribute; Count II—Possession of Marijuana With Intent To Distribute; Count III—Failure To Affix a Tax Stamp; Count IV—Weapon Use In The Commission of a Crime; Count V—Manufacturing a Fictitious Driver's License; and Count VI—Manufacturing a Fictitious Birth Certificate. Petitioner was sentenced to life in prison on Counts I through IV, twenty (20) years on Count V, and thirty (30) days on Count VI.

sources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions.... The risks of abuse are particularly acute with respect to applications for extraordinary relief, since such petitions are not subject to any time limitations and, theoretically, could be filed at any time without limitation." *Id.* at 180, 111 S.Ct. at 597. In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, courts have a duty to deny in forma pauperis status to those individuals who have abused the system. *Id.* at 180, 111 S.Ct. at 597–598. *See also Walters v. Cowley,* 902 P.2d 1109 (Okl.Cr.1995).

Therefore, we find it appropriate to deny in forma pauperis status to Petitioner in future petitions for extraordinary relief. The Clerk of this Court is directed not to accept any further petitions from Petitioner for extraordinary writs pursuant to 22 O.S.Supp. 1994, Ch. 18, App., *Rules of the Court of Criminal Appeals,* Section X, unless the required filing fees are paid by Petitioner.

IT IS SO ORDERED.

/s/ Charles A. Johnson
CHARLES A. JOHNSON
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN
Judge

/s/ James F. Lane
JAMES F. LANE
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR
Judge

## ORDER DECLINING JURISDICTION

On February 1, 1996, Petitioner tendered for filing a "Petition to Recall Order and For Re–Hearing".

Once this Court has rendered its decision on an extraordinary writ, that decision constitutes a final order. A petition for rehearing is not allowed. 22 O.S.Supp.1994, Ch. 18, App., *Rules of the Court of Criminal Appeals,* Rule 10.6(D).

Accordingly, jurisdiction of this matter is DECLINED.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 16th day of February, 1996.

/s/ Charles A. Johnson
CHARLES A. JOHNSON
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN
Judge

/s/ James F. Lane
JAMES F. LANE
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR
Judge