**Nicholas MPOUNAS, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 97 Civ. 6857 (DNE).**

United States District Court,
S.D. New York.

Nov. 20, 1998.

Nicholas Mpounas, Fort Dix, NJ, pro se.

## ORDER

EDELSTEIN, District Judge.

Petitioner Nicholas Mpounas ("Petitioner" or "Mpounas"), *pro se,* brought this present motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 ("§ 2255" or "habeas petition") on July 24, 1997. Having reviewed Petitioner's claims and found them to be without merit, this Court denies Petitioner's habeas petition. This Court further declines to issue Petitioner a certificate of appealability.

In the instant habeas petition, Mpounas, once again, makes several allegations that this Court erroneously computed and improperly imposed his sentence. This Court has addressed similar sentencing issues that Petitioner has asserted in two prior opinions. *See Gordils v. United States,* 943 F.Supp. 346, 354–55 (S.D.N.Y.1996); *Mpounas v. United States,* No. 96 Civ. 1747 (S.D.N.Y. July, 16, 1996). On each occasion, this Court rejected Petitioner's claims for failing to have raised them on direct appeal. This Court also instructed that not only must issues regarding sentencing errors be asserted on direct appeal, they are not even proper for consideration on a habeas petition.

Despite the explicit reasoning that this Court employed in its prior opinions and the implicit, yet unmistakable, directive that issues regarding sentence should be raised only on direct appeal, Petitioner has asserted, via the present habeas petition, still another objection to the sentence that this Court has imposed. Again, this Court is constrained to repeat at nauseam both the facts and law that this Court has forcefully stated to address Petitioner's prior claims. This Court is not optimistic that Petitioner can be discouraged from further exhausting this Court's judicial resources. Although a brief opinion would suffice, this Court elects to issue a more extensive decision to alert Petitioner that his continued abuse of the judicial process will be dealt with appropriately and effectively.

### Background

The history of this case is found in *United States v. Gordils,* 982 F.2d 64, 66–69 (2d Cir.1992), *cert. denied,* 507 U.S. 1054, 113 S.Ct. 1953, 123 L.Ed.2d 657 (1993), and thus familiarity will be assumed. Only those facts needed to resolve the present motion are set forth.

Petitioner was tried before this court in 1989 on a superseding indictment that charged (1) conspiracy to distribute in excess

of 500 grams of cocaine, in violation of 21 U.S.C. § 846; (2) possessing with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2; (3) possessing with intent to distribute approximately 78 grams of heroin, in violation of 841(b)(1)(B) and 18 U.S.C. § 2; (4) possessing with intent to distribute over 123 grams of heroin, in violation of 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2; and (5) using and carrying firearms during and in relation to drug-trafficking crimes, in violation of 18 U.S.C. §§ 924(c) and 2.

On December 8, 1989, a jury convicted Petitioner on all counts. On April 24, 1990, this Court sentenced Petitioner to four concurrent 188–month terms on counts one to four. On count five, this court imposed on Petitioner a mandatory consecutive sentence of five years to be served after each of his concurrent terms expires. This Court also ordered that a five year period of supervised release follow each of Petitioner's terms of incarceration. Additionally, this Court fined Petitioner $17,500 to be paid over the period of his supervised release. Finally, this Court required Petitioner to pay a mandatory special assessment of $250.

On January 30, 1991, this Court denied Mpounas' motion for retrial based on newly discovered evidence pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Petitioner, thereafter, appealed his conviction and this Court's denial of his motion for a new trial. On December 22, 1992, the Second Circuit affirmed this Court's rulings in all respects in *Gordils*, 982 F.2d 64.

On March 11, 1996, Mpounas filed his first habeas petition to vacate, set aside, or correct his sentence. *Inter alia*, Mpounas alleged that this court erroneously computed his sentence and that this Court should have vacated his conviction for using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) pursuant to the Supreme Court's Decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

In an opinion dated July 16, 1996, this Court addressed Mpounas' habeas petition. *See Mpounas v. United States*, No. 96 Civ. 1747 (S.D.N.Y. July, 16 1996). Applying the

precedent the Supreme Court established in *Bailey*, this Court vacated Mpounas' sentence under § 924(c) because he did not actively use a firearm in furtherance of his drug trafficking crime. *See id.* This Court then ordered Mpounas to appear for resentencing. *See id.* This Court, however, denied Mpounas' sentencing objection. *See id.*

In deciding to reject Mpounas' sentencing claim this Court stated that "it is well settled that '[a] § 2255 may not be used as a substitute for a direct appeal.'" *Id.* (quoting *Marone v. United States*, 10 F.3d 65, 67 (2d Cir.1993)). This Court also relied on the Second Circuit's determination that "failure to raise a claim on direct appeal is itself a default of normal appellate procedure, which a defendant can overcome only by showing cause and prejudice." *Id.* (quoting *Campino v. United States*, 968 F.2d 187, 190 (2d Cir. 1992)). Emphasizing that Mpounas did not raise his sentencing claim on direct appeal, this Court concluded that Mpounas furnished no explanation whatsoever to justify his nonfeasance. *See id.* Thus, this Court ruled that his sentencing claim was procedurally barred. *See id.*

Moreover, this Court determined that regardless that Mpounas' claim was precluded on procedural grounds, it was also improperly raised. *See id.* In support of this conclusion, this Court stated that "it is well settled that 28 U.S.C. § 2255 is not a vehicle for review of every aspect of a criminal case, but instead provides a remedy only for defects that are constitutional, jurisdictional, or in some other respect fundamental." *Id.* citing *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) and *Reilly v. Warden FCI Petersburg*, 947 F.2d 43, 44 (2d Cir.1991), *cert. denied*, 502 U.S. 1115, 112 S.Ct. 1227, 117 L.Ed.2d 462 (1992)). This Court, further, reasoned that "non-constitutional errors of law, including sentencing errors, 'do [ ] not provide a basis for collateral attack unless the claimed error constitute[s] a fundamental miscarriage of justice.'" *Id.* (quoting *Addonizio*, 442 U.S. at 185, 99 S.Ct. 2235 (quotation omitted)). Finally, this Court pointed out that, applying "this stringent standard, the Second Circuit has ruled that sentencing errors generally are

not cognizable under § 2255." *Id.* (citing *Femia v. United States,* 47 F.3d 519, 525 (2d Cir.1995) and *Lucas v. United States,* 963 F.2d 8, 12–13 (2d Cir.), *cert. denied,* 506 U.S. 895, 113 S.Ct. 270, 121 L.Ed.2d 199 (1992)). Therefore, this Court held that Mpounas' claim was untenable under a habeas petition.

In an opinion dated October 23, 1996, memorializing this Court's ruling during a hearing of October 21, 1996, this Court resentenced Mpounas on his remaining four narcotics convictions to concurrent prison terms of 235 months less time served. *See Gordils,* 943 F.Supp. at 356. This Court also reduced the mandatory fine that this Court initially assessed against Mpounas from $250 to $200 to reflect this Court's decision to vacate his § 924(c) conviction. *See id.* at 357. On October 31, 1996, Petitioner appealed his resentence, and on July 8, 1997, the Second Circuit affirmed. *See United States v. Gordils,* 117 F.3d 99 (2d Cir.1997).

Of course in this Court's October 23, 1996 decision, this Court also had to address another of Petitioner's sentencing claims, challenging the calculation of his criminal history. Carefully explaining its reasoning and virtually repeating what it had stated in its July 16, 1996 opinion, this Court held that Mpounas' claim was procedurally and substantively barred. This Court stated:

> [T]his Court finds that Mpounas' challenge to the calculation of his criminal history is procedurally barred by his failure to raise this claim on direct appeal.
>
> It is well settled that habeas corpus is not a substitute for direct appeal. Moreover, a "failure to raise a claim on direct appeal is itself a default of normal appellate procedure, which a defendant can overcome only by showing cause and prejudice." "Cause" under this standard, has been construed by the United States Supreme Court to mean "something external to the petitioner [which] cannot be fairly attributed to him." . . . .
>
> Mpounas has failed to meet this standard in the instant case. He did not raise his criminal history category calculation claim on direct appeal, and he offers this Court no explanation for his failure previously to do so. Accordingly this Court finds that this claim is procedurally barred. . . .
>
> Furthermore, the substance of this claim is improper for a habeas corpus petition. The Supreme Court has made clear that a habeas corpus petition is not a vehicle to review every aspect of a criminal case, but instead, provides a remedy only for defects that are constitutional, jurisdictional, or in some other respect fundamental. Nonconstitutional errors of law, including sentencing errors, "do [ ] not provide a basis for collateral attack unless the claimed error constitute[s] a fundamental miscarriage of justice." Under this stringent standard, the Second Circuit has ruled that sentencing errors generally are not cognizable on habeas corpus. Accordingly, this Court finds that Mpounas' claim that his criminal history was erroneously computed is not cognizable on habeas corpus.

*Gordils,* 943 F.Supp. at 355 (citations omitted).

Immediately after the Second Circuit affirmed this Court's October 23, 1996 opinion, Petitioner brought the present habeas petition on July 24, 1997. In particular, Petitioner alleged four sentencing errors and an ineffective assistance of counsel claim. *See* Petitioner's Mem. of Law in Supp. of Mot. to Vacate Conviction and Sentence (No. 97–6857, July 17, 1997). Because this was Petitioner's second or successive habeas petition, on September 16, 1997, the Chief Judge, Honorable Thomas Griesa, dismissed the case and transferred it to the Second Circuit for certification pursuant to 28 U.S.C. § 2244(b)(2). *See* Order of Honorable Thomas Griesa of 9/16/97.

On November 13, 1997 the United States Court of Appeals for the Second Circuit remanded the case to this Court for further consideration of the four Sentencing Guidelines claims. *See* Order of United States Court of Appeals for the Second Circuit of 11/13/97. The Second Circuit noted that because Petitioner was successful with his initial habeas petition in having his sentence amended, a second § 2255 challenging the amended component of the amended judgment is regarded as a "first" § 2255 motion.

*See id.* (citing *Galtieri v. United States,* 128 F.3d 33, 37–38 (2d Cir.1997)). The Second Circuit, however, denied Petitioner's motion with respect to his ineffective assistance of counsel claim. *See id.*

Soon after, on November 24, 1997, Petitioner sought leave from this Court for appointment of counsel and bail pending resolution of his habeas petition. This Court now considers Petitioner's § 2255 of July 24, 1997.

## DISCUSSION

This Court will now reiterate the standards that it has stated above as well as in the previous opinions that it has issued with regard to Petitioner.

### A. Petitioner's Sentencing Claims

 Petitioner's objections to his resentence are untenable under a § 2255. It is unquestionable that a habeas petition cannot serve as a substitute for a direct appeal. *See United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (citations omitted); *United States v. Pipitone,* 67 F.3d 34, 38 (2d Cir.1995); *Douglas v. United States,* 13 F.3d 43, 46 (2d Cir.1993); *Marone v. United States,* 10 F.3d 65, 67 (2d Cir.1993); *Gordils,* 943 F.Supp. at 355; *Mpounas,* No. 96 Civ. 1747 (S.D.N.Y. July 16, 1996). Thus, Petitioner had a procedural obligation to appeal his resentence directly. Failing to do that, Petitioner can only litigate his sentencing claims via a § 2255 by showing cause for his negligence and prejudice resulting therefrom. *See United States v. Pipitone,* 67 F.3d 34, 38 (2d Cir.1995); *Douglas v. United States,* 13 F.3d 43, 46 (2d Cir.1993); *Campino v. United States,* 968 F.2d 187, 190 (2d Cir.1992); *Gordils,* 943 F.Supp. at 355; *Mpounas,* No. 96 Civ. 1747 (S.D.N.Y. July, 16, 1996). Moreover, the Supreme Court has explained that cause for failure to take a direct appeal must be attributable to something external to Petitioner. *See Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *United States v. Pipitone,* 67 F.3d 34, 38 (2d Cir.1995); *Marone v. United States,* 10 F.3d 65, 67 (2d Cir.1993); *Gordils,* 943 F.Supp. at 355; *Mpounas,* No. 96 Civ. 1747 (S.D.N.Y. July,

16, 1996). Here, Petitioner never brought a direct appeal of his resentencing, and yet, he offers this Court no justification for his delinquency.

 Furthermore, the substance of Petitioner's claims are inappropriate for a habeas petition. The Supreme Court has held that a § 2255 "provides a remedy only for defects that are constitutional, jurisdictional, or in some other respect fundamental." *Gordils,* 943 F.Supp. at 355 (citing *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)). As this Court has stated, "[n]on-constitutional errors of law, including sentencing errors, 'do [ ] not provide a basis for collateral attack unless the claimed error constitute[s] a fundamental miscarriage of justice.' Under this stringent standard, the Second Circuit has ruled that sentencing errors generally are not cognizable on habeas corpus." *Id.* (quoting *Addonizio,* 442 U.S. at 185, 99 S.Ct. 2235); *Mpounas,* No. 96 Civ. 1747 (S.D.N.Y. July, 16, 1996) (same). This Court, therefore, finds that Mpounas' sentencing claims are procedurally barred, and more significantly, his assertions are not arguable through a habeas petition.

With this present opinion, this Court has explained the standards with regard to alleging sentencing objections on appeal to Petitioner at nauseam. *See generally Gordils v. United States,* 943 F.Supp. 346, 354–55 (S.D.N.Y.1996) (analyzing the standards for bringing sentencing claims); *Mpounas v. United States,* No. 96 Civ. 1747 (S.D.N.Y. July, 16, 1996) (same). After having instructed Petitioner on these standards for a third time, this Court expects that Petitioner will not bring any further sentencing claims before this Court on habeas that should have been argued on direct appeal. To ensure that this will be the case, however, this Court will address Petitioner's potential future conduct.

### B. Potential Sanctions

Opinions cannot only be perceived as decisions adjudicating legal problems but must also be recognized as instructive orders, that, if followed, will assist a party in future situa-

tions. A parent does not necessarily mediate arguments between his or her young children to simply quell them, but also to teach the children in the hope that they will gain a life lesson. Had Petitioner paid attention to this Court's rationale in its July 16, 1996 opinion or in its October 23, 1996 opinion, Mpounas could have properly taken a direct appeal from this Court's resentencing instead of bringing the present, procedurally barred habeas petition. Moreover, it would have saved this Court from expending unnecessary judicial resources to decide his present § 2255.

The Supreme Court has stated:

The goal of fairly dispensing justice ... is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Pro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions.

*In re Anderson,* 511 U.S. 364, 365–66, 114 S.Ct. 1606, 128 L.Ed.2d 332 (1994) (quoting *In re Sindram,* 498 U.S. 177, 179–180, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991)).

■■■ Rule 11 abuses include "the waste of judicial resources and resulting inefficiencies and delays that affect all actual and potential litigants in the federal courts." *Williams v. Revlon Co.,* 156 F.R.D. 39, 43 (S.D.N.Y.1994). This Court is presented with a vexatious litigant who proceeds while paying no attention to this Court's earlier rulings without reasonable cause or excuse. This Court may exercise its inherent powers to protect its jurisdiction from such vexatious conduct. The Second Circuit has recognized that

[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. If such power did not exist, or if its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a[ ] party to injunctive relief, the

independence and constitutional role of Article III courts would be endangered.

*In re Martin–Trigona,* 737 F.2d 1254, 1261 (2d Cir.1984).

■■■ It is clear that Rule 11 applies to pro se parties. *See, e.g., In re Martin–Trigona,* 795 F.2d 9, 12 (2d Cir.1986); *Kirkland,* 1988 WL 31877 at *3. Moreover, merely because Petitioner is in jail, does not mean that this Court lacks the power to deter his conduct. *See Williams,* 156 F.R.D. at 40. Sanctions, however, must be tailored to the particular facts of the particular case. *Id.* Because this Court has never made any prior formal warning to Petitioner, however, it will not take the same actions that other courts have taken in similar situations—instructing the Clerk of the Court to refuse any further habeas petitions from a petitioner, *see, e.g., Anderson,* 511 U.S. at 364, 114 S.Ct. 1606; or requiring a petitioner to forfeit any computer, monitor, printer, typewriter, word processor, or other instrument used in the production of documents submitted to a court, *see, e.g., Williams v. Revlon Co.,* 156 F.R.D. 39, 44.

Mpounas has now received formal notice and an official warning that this Court will consider sanctions against him if he files any additional habeas petitions with this Court that assert sentencing claims that should have been argued on direct appeal. Petitioner should know that if he ignores, disregards, or simply forgets to heed this admonition, sanctions may be warranted.

### C. Certificate of Appealability

■■■ A petitioner may not appeal a denied habeas petition to the Court of Appeals unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A court will issue a certificate "only if the applicant has made a showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see generally United States v. Perez,* 129 F.3d 255, 259–60 (2d Cir.1997) (discussing the standard for issuing a certificate of appealability).

■■■ This Court finds that Petitioner will not be able to sustain this burden. As indicated above, Mpounas has already failed to

demonstrate that this Court's alleged sentencing error was a "fundamental miscarriage of justice." *See supra* part A. In this Court's view, reasonable jurists could not disagree with the resolution of Petitioner's motion to vacate, set aside, or correct his sentence. Thus, this Court declines to issue a certificate of appealability. Further, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

## CONCLUSION

For the reasons discussed above all of Petitioner's claims pursuant to 28 U.S.C. § 2255 are Denied as procedurally and substantively barred. As such, it is not necessary for this Court to address Mpounas' request for appointment of counsel and bail pending the resolution of his claims. In addition, this Court Denies Petitioner a certificate of appealability.

SO ORDERED.