2001 OK CR 23

**Michael Wayne TAYLOR, Petitioner,**

v.

**STATE of Oklahoma, County of Texas, Respondent.**

No. PC 2001–0388.

Court of Criminal Appeals of Oklahoma.

Aug. 23, 2001.

received the statutorily-required notice of his right to apply for certification as a child. Failure

*ORDER DISMISSING FIFTH APPLICATION FOR POST CONVICTION RELIEF BUT VACATING THE SANCTIONS IMPOSED AND REMANDING MATTER TO DISTRICT COURT FOR FURTHER PROCEEDINGS ON SANCTIONS*

¶1 On April 4, 2001, Petitioner, *pro se*, appealed to this Court from an order of the District Court of Texas County denying his fifth application for post-conviction relief in Case No. CRF 79–228. Petitioner was convicted of Murder in the First Degree and was sentenced to life imprisonment. The District Court denied Petitioner's fifth application for post-conviction relief in an order filed March 7, 2001.

¶2 On November 2, 1998, while affirming the denial of Petitioner's fourth application for post-conviction relief, Post Conviction Appeal No. PC 98–885, Petitioner was advised by this Court he had exhausted his state remedies. Therefore, subsequent application on issues that were raised or could have been raised on direct appeal is barred. Accordingly, Petitioner's fifth post-conviction appeal, in part, is **DISMISSED.**

¶3 However, we find it necessary to **VACATE** the sanctions imposed by the District Court and **REMAND** this matter to the Honorable Greg A. Zigler, District Judge, District Court of Texas County, for further proceedings.

¶4 The District Court denied Petitioner's fifth post-conviction application finding the application to be "malicious and frivolous." Judge Zigler relied on 57 O.S.Supp.1999, § 566, for the imposition of sanctions in this matter. In doing so, he imposed the following sanctions:

1. Attorney fees and actual costs incurred by the State of Oklahoma in the sum total amount of $750.00 are awarded and payable to respondent, the District Attorney of Texas County, 319 N. Main St., Guymon, OK 73942;

to provide this notice is error. *Gilley v. State,* 848 P.2d 578, 580 (Okl.Cr.1992).

2. The Oklahoma Department of Corrections is directed and ordered to revoke 720 earned credits accrued by the petitioner;

3. The Oklahoma Department of Corrections is directed and ordered to revoke permission for the inmate to have nonessential personal property;

4. A monetary civil assessment against the petitioner in an amount of $1,000.00 is imposed payable to the Texas County Court Clerk;

5. Judgment against the petitioner in the totally [sic] amount of $1,750 is so ordered;

6. The Oklahoma Department of Corrections is ordered to take appropriate actions to remove the appropriate amounts out of the inmate's trust funds until the $1,750 judgment is fully satisfied, and pursuant to 57 O.S. § 566(D) as amended.

¶ 5 We understand the frustrations of the district courts dealing with inmates who flood the courts with continuous, frivolous filings. As set forth in *In re Sindram*, 498 U.S. 177, 180, 111 S.Ct. 596, 597, 112 L.Ed.2d 599 (1991), *"[p]ro se* petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations-filing fees and attorney fees-that deter other litigants from filing frivolous petitions." This Court, in its own frustration, has denied *in forma pauperis* status to individuals who have abused the system and clogged the docket of this Court with frivolous, duplicitous filings. *See Cotner v. Creek County District Court*, 1996 OK CR 3, 911 P.2d 1215.

¶ 6 Numerous cases are pending before this Court wherein district courts have either imposed sanctions in varying degrees or are requesting this Court to impose sanctions. Therefore, we now find it appropriate and necessary to address this issue. Initially, we note that the district courts' reliance on Section 566 of Title 57 for the imposition of sanctions in criminal cases is misplaced. This statute, by its plain language, is clearly not applicable to criminal cases. This statute is intended for use only in certain civil actions, original actions in appellate courts, or in inmates' *pro se* appeals.

¶ 7 On November 1, 2001, a new state statute will become effective which will address, among other things, frivolous or malicious original actions filed in the district courts. To be codified at 57 O.S.2001, § 566.2, this newly enacted law, as applicable to the district courts, will apply to certain prisoners who have, on three or more prior occasions, brought an original action that has been dismissed on the grounds that the case was frivolous, or malicious, or failed to state a claim upon which relief could be granted. This statute will prohibit these prisoners from proceeding without prepayment of all fees required by law unless the prisoner is under immediate danger of serious physical injury.

¶ 8 It is also very clear that courts have inherent powers to protect themselves from vexatious litigation and to sanction anyone who clogs the courts with frivolous filings and disrupts its proceedings. Inherent powers, however, "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 2132–33, 115 L.Ed.2d 27 (1991).

¶ 9 Before exercising the inherent power to impose sanctions in a criminal case, the district courts should exercise caution and must comply with the mandates of due process. *Id.* at 50, 111 S.Ct. at 2136. The district courts must provide notice and a reasonable opportunity to respond. The notice should set out with specificity why the district court believes sanctions are appropriate and the court's plan for reasonable and appropriate sanctions to be imposed. The sanctions should be designed to fit the specific facts of the case and to remedy the problem being addressed.

¶ 10 Therefore, as the record in this case does not reflect Petitioner was afforded due process before sanctions were imposed, this matter is **REMANDED** to the District Court for further proceedings consistent with this Order.

¶ 11 **IT IS SO ORDERED.**

¶ 12 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 23rd day of August, 2001.

/s/ Gary L. Lumpkin—Concurs in Result
GARY L. LUMPKIN, Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge
/s/ Steve Lile—dissents
STEVE LILE, Judge