2002 OK CR 7

**Lavern BERRYHILL, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**Nos. PC–2001–1306, MA–2002–0061.**

Court of Criminal Appeals of Oklahoma.

Feb. 28, 2002.

---

1.  1987 OK CR 278, 748 P.2d 39.

2.  *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970).

3.  *Cleek,* 748 P.2d at 41.

### PC 2001–1306

### ORDER AFFIRMING SANCTIONS IMPOSED BY THE DISTRICT COURT OF OKLAHOMA COUNTY

¶ 1 On July 9, 2001, Petitioner, *pro se*, appealed to this Court from an order of the District Court of Oklahoma County, Case Nos. CF–90–1250 and CF–90–1614, denying his fourth application for post-conviction relief, Appeal No. PC 2001–0859. In an Order issued September 7, 2001, we affirmed the denial of post-conviction relief, advised Petitioner he has exhausted his State remedies regarding the issues raised on direct appeal and in the applications for post-conviction relief, but vacated the sanctions imposed by the District Court and remanded the matter to the District Court for further proceedings consistent with this Court's holding in *Taylor v. State*, 2001 OK CR 23, 30 P.3d 1160.

¶ 2 Petitioner now challenges those sanction proceedings which occurred in the District Court of Oklahoma County following remand, Appeal No. PC 2001–1306. Petitioner's appeal was filed in this Court November 6, 2001. The Honorable Virgil C. Black, District Judge, District Court of Oklahoma County, sets forth that on September 12, 2001, the District Court ordered Petitioner to show cause why sanctions should not be imposed. The grounds upon which the District Court concluded Petitioner's application for post-conviction relief was frivolous and vexatious were enumerated in the show cause order. The District Court gave Petitioner notice of its intent to sanction him by assessing attorney fees in the amount of $100.00 and allowed Petitioner thirty days within which to negate the appropriateness of such sanction. Petitioner was advised not to attempt to further litigate the issues rejected by the June 5, 2001, order denying post-conviction relief, but to address only the appropriateness of the sanctions and/or any hardship such sanction might cause.

¶ 3 On September 24, 2001, Petitioner's response was filed in the District Court and Judge Black found, despite the express admonition, Petitioner's response reiterated the merits of the issues raised in his application for post-conviction relief and only the last sentence of the response remotely addressed the District Court's order to show cause. Petitioner stated: "In conclusion, $100.00 will not make me or break me and I do not care what you do because I am well aware of the mentality of this KKK court."

¶ 4 The District Court found Petitioner failed to show sufficient reason why sanctions should not be imposed and awarded $100.00 in attorney fees to the Office of the District Attorney as a sanction against Petitioner for the filing of a frivolous and vexatious request for collateral relief. The District Court also assessed an additional sanction of $25.00 as court costs, warranted by Petitioner's blatant disrespect.

¶ 5 We find the District Court's sanctions should be upheld. Petitioner's appeal to this Court presents nothing that would demonstrate the District Court's sanctions were error or an abuse of discretion. Moreover, Petitioner's pleadings show a blatant disrespect for the District Court and the judicial system of the State of Oklahoma. The sanctions imposed by the District Court of Oklahoma County are **AFFIRMED.**

### MA 2002–0061

### ORDER DENYING APPLICATION FOR EXTRAORDINARY WRIT

¶ 6 On January 15, 2002, Petitioner, *pro se*, filed in this Court an application for extraordinary relief. In an order issued January 8, 2002, the District Court of Pittsburg County, Case No. C 2001–1419, denied Petitioner's application for a writ of habeas corpus. In the application to the District Court of Pittsburg County, Petitioner is challenging his conviction in the District Court of Oklahoma County. In this latest filing, Petitioner again seeks relief from this Court contending the District Court of Pittsburg County erred in denying his application for a writ.

¶ 7 For a writ of habeas corpus Petitioner must establish that his confinement is unlawful and that he is entitled to immediate release. Rule 10.6(C)(1), *Rules of the Oklahoma Court of Criminal* Appeals, Title 22, Ch.18, App. (2001); *Ekstrand v. State*, 1990

OK CR 21, ¶¶ 12–13, 791 P.2d 92, 95. Applications for habeas relief must be filed in the District Court of the county where the petitioner is restrained. Rule 10.6(C)(1). However, habeas corpus is not a substitute for a direct appeal. Challenges to the Judgment and Sentence must be made through post-conviction procedures in the proper District Court.

¶ 8 This is obviously an attempt by Petitioner to circumvent the September 7, 2001, Order of this Court advising Petitioner he has exhausted his State remedies regarding this conviction and that further application in State courts is barred.

¶ 9 Accordingly, Petitioner's application to this Court for extraordinary relief is **DENIED**.

¶ 10 **IT IS SO ORDERED.**

¶ 11 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 28th day of February, 2002.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge
/s/ Steve Lile
STEVE LILE, Judge