2002 OK CR 25

Marvin WASHINGTON, Petitioner,

v.

DEPARTMENT OF CORRECTIONS, Ron Ward, Director Warden Ray, CCA, Respondent.

No. HC 2002–0292.

Court of Criminal Appeals of Oklahoma.

June 12, 2002.

---

## ORDER GRANTING EXTRAORDINARY RELIEF AND REMANDING MATTER TO DISTRICT COURT

¶1 On March 19, 2002, Petitioner, *pro se*, filed an application to overturn the sanctions imposed by the District Court of Hughes County in District Court Case No. CV–01–227. Petitioner filed an application for a writ of habeas corpus in the District Court of Hughes County challenging his conviction for First Degree Manslaughter in the District Court of Osage County, District Court Case No. CF–90–209. The State requested sanctions be imposed based upon a showing that Petitioner litigated the same issues repeatedly in state and federal courts and had filed "numerous other actions asserting a variety of claims all similarly baseless and frivolous".

¶2 Petitioner filed an objection to the State's motion for sanctions in the District Court of Hughes County. The Honorable George M. Butner, District Judge, found Petitioner did "not dispute his litigious history or the fact that the issues raised had been previously litigated in the courts". Judge Butner found Petitioner's objection "patently frivolous and evidence [of] yet another attempt to trifle with the courts".

¶3 Citing Section 566(A)(1) of Title 57 as authority, Judge Butner overruled Petitioner's objection and imposed the following sanctions:

1. The Oklahoma Department of Corrections was directed to deduct from Petitioner's account 720 days of accumulated earned credits;

2. The Oklahoma Department of Corrections was directed to revoke Petitioner's permission to have any non-essential personal property including, but not limited to, personal clothing (i.e., non-standard DOC issue jail clothing), books, television, radios, stereos, watches, clocks, fans, and any other electronic devices, for a period of six months;

3. And, at the end of this six months time period, the restoration of personal property was left to the discretion of the DOC.

¶4 We agree with the District Court that sanctions in this matter are appropriate. However, we find the sanctions that have been imposed inappropriate and without authority to enforce. These sanctions infringe upon the administration of the prison system which has been delegated to the Executive Branch and not to the courts. The management and running of our prisons is a function of the executive branch of government. *Fields v. Driesel*, 1997 OK CR 33, ¶29, 941 P.2d 1000. *See Bell v. State*, 1962 OK CR 160, ¶18, 381 P.2d 167 ("the incarceration of a convict is one of administration for an arm of the executive branch of the government.")

¶5 In *Taylor v. State*, 2001 OK CR 23, ¶6, 30 P.3d 1160, we determined Section 566 of Title 57, relied upon by the trial court in this matter, is not applicable to criminal cases. Instead, we referenced Section 566.2 which became effective November 1, 2001, and which addresses frivolous or malicious filings in criminal cases. We also recognized that courts have inherent powers to protect them-

selves from vexatious litigation and to sanction anyone who clogs the courts with frivolous filings and disrupts its proceedings. However, we also advised that inherent powers must be exercised with restraint and discretion. *Id.* at ¶¶ 7–8.

¶ 6 Sanctions must be designed to fit the specific facts of the case and to remedy the problem being addressed. *Id.* at ¶ 9. When the court's inherent power to impose sanctions is relied upon, and the court does not rely upon Section 566.2 of Title 57, reasonable and appropriate sanctions would be prepayment of all fees, dismissals and/or awards of costs. *See Cotner v. Creek County District Court,* 1996 OK CR 3, 911 P.2d 1215 (wherein this Court denied *in forma pauperis* status to Mr. Cotner for abusing the system and clogging the docket of this Court with frivolous, duplicitous filings), and *Berryhill v. State,* 2002 OK CR 7, 43 P.3d 410 (wherein the District Court of Oklahoma County awarded $100.00 in attorney fees to the Office of the District Attorney as a sanction against Mr. Berryhill for the filing of a frivolous and vexatious request for collateral relief and also assessed an additional sanction of $25.00 as court costs, warranted by Mr. Berryhill's blatant disrespect).

¶ 7 Therefore, the sanctions imposed by the District Court in this matter are **VACATED** and the matter is **REMANDED** to the District Court for imposition of sanctions consistent with this Order.

¶ 8 **IT IS SO ORDERED.**

¶ 9 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 12th day of June, 2002.

/s/ Gary L. Lumpkin—Concurs in Results
GARY L. LUMPKIN, Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge.
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge
/s/ Steve Lile, Dissents
STEVE LILE, Judge