

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2008

# In Re: Mac Truong

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3239

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Mac Truong " (2008). *2008 Decisions.* Paper 891.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/891

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-229                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3239
_____

IN RE: MAC TRUONG
MARYSE MACTRUONG

Mac Truong, Maryse MacTruong,
Sylvaine DeCrouy, Hugh MacTruong,
                                        Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-cv-05511)
District Judge: Honorable Garrett E. Brown, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 12, 2008

Before: AMBRO, FUENTES and JORDAN, <u>Circuit Judges</u>

(Opinion filed: July 7, 2008)
_____

OPINION
_____

PER CURIAM

    Mac Truong and Maryse Mac-Truong, Sylvaine DeCrouy, and Hugh Mac-Truong

have appealed, pro se, from an order of the United States District Court for the District of

New Jersey entered on July 5, 2007, which affirmed orders of the United States

Bankruptcy Court for the District of New Jersey granting summary judgment to Steven P. Kartzman, the Truongs' Chapter 7 trustee. Because this appeal from the district court presents us with "no substantial question," we will summarily affirm. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

I.

To summarize the facts and procedural background briefly, according to the record, a judgment for $356,509.83 was entered against the Truongs, and in favor of Broadwhite Associates, for a breached lease agreement in January 2000. At the time of the judgment, the Truongs owned and resided at a home located at 327 Demott Avenue, Teaneck, New Jersey. Two days after the judgment was entered against them, the Truongs transferred the property to Sylvaine Decrouy, Maryse Mac-Truong's sister. The property was later transferred by Decrouy to Hugh Mac-Truong, the Truongs' son. The Truongs filed for Chapter 7 bankruptcy in September 2003. Kartzman was designated as the Chapter 7 trustee charged with liquidating the assets of the Truongs' bankruptcy estate. See 11 U.S.C. § 323(a). The progression of the Truongs' underlying Chapter 7 bankruptcy proceeding resulted in Kartzman being substituted as a party plaintiff in an adversary action against the Truongs, initially commenced in a suit by the Truongs' creditor Broadwhite Associates in April 2003 in the Superior Court of New Jersey, which sought to hold the Truongs accountable for a fraudulent conveyance of property under New Jersey law.

-2-

In September 2003, the state court proceeding was removed to the federal district court which then referred the removed action to the bankruptcy court. Kartzman moved for summary judgment under the Bankruptcy Code and in reliance on the New Jersey state laws of fraudulent conveyance. On October 11, 2006, the bankruptcy court entered summary judgment in favor of Kartzman and against the Truongs, and granted final judgment by default against Decrouy. The result of the bankruptcy court's grant of summary judgment for Kartzman avoided the transfers of 327 Demott Avenue to Decrouy and Hugh Mac-Truong and re-vested the disputed property in the bankruptcy estate for the benefit of the creditors in the case. A title search later revealed, however, that two more undisclosed transfers of 327 Demott Avenue, to business entities under the auspices of the Truongs, named MT-EARS, LLP and To-Viet-Dao, LLP respectively, had taken place.[1] Due to these additional transfers, the bankruptcy court entered an amended summary judgment order, avoiding the further transfers, on December 7, 2006.

The Truongs appealed to the district court from the bankruptcy court's summary judgment orders, and numerous other prior orders of the bankruptcy court. See 28 U.S.C. § 158(a). In an opinion and subsequent order entered on July 5, 2007, the district court

---

[1] The record indicates that MT-EARS LLP was registered just days before property was transferred to it and also that 327 Demott Avenue was its registered address.

affirmed the bankruptcy court's decisions.[2]  The Truongs filed a notice of appeal.[3]

## II.

We have jurisdiction to review the district court's order under 28 U.S.C. §§ 158(d) and 1291.  The district court had appellate jurisdiction to review the bankruptcy court's orders under 28 U.S.C. § 158(a)(1).  Because the district court in this case sat as an appellate court reviewing a final order of the bankruptcy court, our review of its determination is plenary.  See Interface Group-Nevada, Inc. v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.), 145 F.3d 124, 130 (3d Cir. 1998).  In reviewing a determination of the bankruptcy court, we exercise the same standard of review as the district court, subjecting the bankruptcy court's legal determinations to plenary review, reviewing its factual findings for clear error, and considering its exercise of discretion for abuse thereof.  See The Reconstituted Comm. of Unsecured Creditors of the United Healthcare Sys., Inc. v. State of N.J. Dep't of Labor (In re United Healthcare Sys., Inc.), 396 F.3d 247, 249 (3d Cir. 2005).  A court may grant summary judgment under Federal Rule of Civil Procedure 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

---

[2]  The district court correctly limited the scope of its review to six orders discussed in the Truongs' brief.  See Fed. R. Bankr. P. 8010.

[3]  During the pendency of the litigation in the district court, the Truongs, on June 4, 2007, filed a motion, purportedly relying on 11 U.S.C. § 324, seeking a hearing for the purpose of removing Kartzman as an appellee in the case.  On July 5, 2007, the district court entered a memorandum order and accompanying opinion denying that motion.  The Truongs have also appealed that determination to this court.  See C.A. No. 07-3238.

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Fed. R. Bankr. P. 7056.

III.

We agree with the district court's determination that the bankruptcy court did not commit error in granting summary judgment to Kartzman—thus avoiding the fraudulent conveyance of 327 Demott Avenue. The circumstances surrounding the transfer of 327 Demott Avenue support this determination which the district court, in the context of 11 U.S.C. § 544(b), explained fully. In short, under the Bankruptcy Code, a bankruptcy estate is created at the commencement of the bankruptcy case. The bankruptcy estate includes, with some exceptions, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

The district court correctly affirmed the bankruptcy court's determination concerning the Truongs' actual intent to defraud their creditors. Section 544(b)(1) is a vehicle in which a trustee may recover fraudulently transferred assets of the debtor's property under a state's fraudulent conveyance laws. The New Jersey Uniform Fraudulent Transfer Act ("NJUFTA"),[4] under New Jersey Statutes Annotated § 25:2-25(a), provides that a transfer is fraudulent if the debtor made the transfer or incurred the obligation "[w]ith actual intent to hinder, delay, or defraud any creditor of

---

[4] The purpose of the NJUFTA is to "prevent a debtor from placing his or her property beyond a creditor's reach." Gilchinsky v. Nat'l Westminster Bank N.J., 732 A.2d 482, 488 (N.J. 1999).

the debtor . . . ." New Jersey state law recognizes direct proof of actual fraudulent intent is rare. See Gilchinsky, 732 A.2d at 489-90. Instead, a court is guided by state statute to a non-exclusive list of factors, or "badges of fraud," for determining actual intent. See N.J. Stat. Ann. § 25:2-26. As the district court noted, here Kartzman brought forth uncontested evidence showing that more than a few of the "badges of fraud" were present in the Truongs' transfer of 327 Demott Avenue because: (1) the transfer was made to an insider; (2) the Troungs attempted to conceal the transfer; (3) the Truongs retained possession of the property after the transfer; (4) the transfer was made when the Truongs had previously been sued by Broadwhite Associates; and (5) the Truongs became insolvent shortly after the transfer. Thus, the district court correctly affirmed the bankruptcy court's grant of summary judgment on this count.

Fraudulent transfers as to present creditors—the creditor here being Kartzman, replacing the interests of Broadwhite Associates—are also actionable under New Jersey law which provides that a transfer "is fraudulent as to a creditor whose claim arose before the transfer was made . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor . . . became insolvent as a result of the transfer." N.J. Stat. Ann. § 25:2-27(a). As the district court noted, Kartzman demonstrated that the Truongs failed to receive equivalent value for their property as the transfer to Decrouy was made for a mere ten dollars in

-6-

consideration.[5]  See 11 U.S.C. § 548(a)(1)(B)(i).  Further, as mentioned previously, there

was no disputing the fact that the Truongs became insolvent at the time of the transfer, or

shortly thereafter, as their liabilities far outweighed their assets.  See N.J. Stat. Ann. 25:2-

23(a) ("a debtor is insolvent if the sum of the debtor's debt is greater than all of the

debtor's assets, at a fair valuation").  Thus, the district court properly affirmed the

bankruptcy court's determination that Kartzman was entitled to summary judgment on

this claim.[6]

Finally, the district court's additional determinations concerning the remaining

bankruptcy court orders at issue also raise no substantial question.  Contrary to the

arguments below, a final judgment of default against Decrouy was properly entered as she

failed to plead after the amended complaint in the adversary proceeding was filed.  See

Fed. R. Bankr. P. 7055 (applying Fed. R. Civ. P. 55 to bankruptcy adversary

---

[5]  The Truongs presented no evidence, other than bald assertion, that the transfer
was made for consideration of an antecedent debt to Decrouy.

[6]  For similar reasons, Kartzman was also entitled to summary judgment under
N.J.S.A. 25:2-25(b), defining a fraudulent transfer as to present or future creditors as one
that was made:

> Without receiving a reasonably equivalent value in exchange for the
> transfer or obligation, and the debtor:
>
> . . .
>
> (2) Intended to incur, or believed or reasonably should have believed that
> the debtor would incur, debts beyond the debtor's ability to pay as they
> become due.

proceedings).  Further, the Truongs' objections to the bankruptcy court's exercise of personal jurisdiction were waived during the proceedings in state court as the adversary proceeding was the same proceeding as the New Jersey state proceeding initially brought by Broadwhite Associates.  Finally, as the district court noted, the bankruptcy court's supplemental summary judgment order entered in December 2006 was appropriate given the further transfers of 327 Demott Avenue discovered after the initial summary judgment order was entered.  The bankruptcy court had the power to enforce and implement its prior summary judgment order, and void any future fraudulent transfers, in the face of the undisclosed transactions by appellants which had continued unabated in the face of the bankruptcy court's summary judgment order.  See Fed. R. Bankr. P. 8005.

## IV.

For the reasons given, the district court, acting in its appellate capacity, properly affirmed the orders of the bankruptcy court.  Accordingly, we will summarily affirm the district court's order.  We will not consider appellants' motions filed in this court for removal of the trustee, injunctive relief from the trustee, and to disqualify the trustee, as they are not properly before us.