

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2009

# In Re: Mac Truong

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3364

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Mac Truong " (2009). *2009 Decisions.* Paper 1131.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1131

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-213                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3364
_____

IN RE: MARYSE MACTRUONG and MAC TRUONG,

Debtors

Mac Truong,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-05066)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 11, 2009
Before: MCKEE, FISHER and CHAGARES , Circuit Judges

(Opinion filed:  June 25, 2009)
_____

OPINION
_____

PER CURIAM

Mac Truong appeals from an order of the District Court denying his motion to

reconsider the District Court's prior order denying his motions to reopen his appeal, for

reconsideration, and to lift a filing injunction.  For the reasons that follow, we will

dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.

In March 2007, Truong and his wife, through their company To-Viet-Dao LLP, filed for Chapter 13 bankruptcy protection.[1] A United States Bankruptcy Court ("USBC") sitting in New York denied the petition with prejudice and imposed a one-year bar to Truong's filing future petitions. Despite the injunction, Truong filed an individual Chapter 13 petition in July 2007. The USBC again denied the petition, and reaffirmed the one-year filing injunction. In August 2007, Truong filed a motion in the USBC seeking a hearing on various claims against the trustee of his bankruptcy estate. The USBC denied the motion, calling the claims raised therein duplicative of those denied in Truong's previous bankruptcy proceedings. Truong appealed to the District Court and moved for in forma pauperis ("IFP") status. The USBC denied the motion.

Truong renewed his IFP application in the District Court.[2] After entering an order denying his motion, the District Court vacated its order "because no fee is associated with this Bankruptcy appeal before the Court." The District Court then dismissed Truong's appeal without prejudice because the Bankruptcy Court had not granted IFP status and Truong had not paid the filing fees. The District Court denied Truong's subsequent

---

[1] The Chapter 13 case was eventually converted to a Chapter 11 case.

[2] Meanwhile, the USBC entered an order imposing an indefinite filing injunction against Truong, his wife, and "any entity acting on their behalf," finding that "the Debtors have engaged in duplicative and vexatious litigation, and that they are likely to persist in such conduct."

2

motions to reopen his case and his motion to disqualify both his bankruptcy trustee and the trustee's attorneys based on alleged conflicts of interest.[3]

Shortly thereafter, the District Court, noting that Truong had failed to comply with the USBC's filing injunction, imposed its own filing injunction. Truong then filed a motion requesting several forms of relief: 1) reconsideration of the District Court's order denying his motions to reopen and to disqualify the trustee; 2) an explanation as to why the District Court's order allegedly granting IFP status is not valid; and 3) vacatur of the District Court's filing injunction. The District Court denied the motion, stating that Truong "has not been granted in forma pauperis status by the Bankruptcy Court, has not paid the filing fee in this matter and has not raised any new issues." Truong appealed from that order.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's denial of Truong's motion to proceed IFP, dismissal for failure to pay fees and motion for reconsideration for abuse of discretion. See Max's Seafood Café ex rel. Lou Ann, Inc. v.

---

[3] Truong has asserted this claim (that there is cause for removal of the trustee under 11 U.S.C. § 324(a) because the trustee is not sufficiently disinterested in the assets of the bankruptcy estate), in one form/forum or another, countless times throughout the preceding years. We previously recognized this fact in a published opinion. See In re Truong, 513 F.3d 91, 92-94, 94 n.4 (3d Cir. 2008). Before this appeal, Truong most recently attempted to raise this claim in this Court in In re Truong, 285 F. App'x 837 (3d Cir. July 7, 2008), where we refused to consider Truong's motions for "removal of the trustee, injunctive relief from the trustee, and to disqualify the trustee, as they are not properly before us." Id. at 840-41.

3

Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985). Having granted Truong leave to proceed in forma pauperis on appeal, we must dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it is frivolous, i.e., if it has no arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

III.

IFP determinations are to be made solely on the basis of indigence. See Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995); Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). Nevertheless, "'extreme circumstances' might justify denying an otherwise qualified affiant leave to proceed in forma pauperis." Deutsch, 67 F.3d at 1084 n.5. Specifically, the Supreme Court has stated that IFP status should not be given to individuals who have abused the system. See In re Sindram, 498 U.S. 177, 180 (1991) (per curiam).

We agree with the District Court that Truong failed to demonstrate an inability to pay the necessary filing fee. See 28 U.S.C. 1915(a). In the IFP application that Truong submitted to the District Court, he indicated that he had rental income of $3000 a month, two cars (though one had its "title in litigation"), "less than $500 average" in a bank account, and an IRA account worth $8000. Given that information, we conclude that the District Court did not abuse its discretion when it denied Truong's motion to proceed IFP, later dismissed Truong's appeal, and denied his subsequent motions to reopen and for

4

reconsideration.[4]

Based on the foregoing, we need not determine whether this case presents the extreme circumstances justifying denial of IFP status to an otherwise destitute litigant. However, we note that Truong has consistently spurned court orders. And the bulk of his voluminous filings appear to be no more than attempts to re-litigate issues already decided against him as a tactical move to prolong his bankruptcy proceedings seemingly ad infinitum.[5]

Accordingly, the appeal is utterly lacking in legal merit and we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[4] On appeal Truong perpetuates his mistaken belief that he was granted IFP by the District Court on December 10, 2007. That order merely vacated the District Court's denial of Truong's IFP application; it did not grant IFP status.

[5] For these reasons, we do not find an abuse of discretion in the District Court's imposition of a filing injunction. See Abdul-Akbar v. Watson, 901 F.2d 329, 331 (3d Cir. 1990) ("[w]e review the issuance of an order barring further filing of litigation for an abuse of discretion").