

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2009

# In Re: Mac Truong

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3365

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Mac Truong " (2009). *2009 Decisions*. Paper 1130.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1130

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-212                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3365
_____

IN RE: MARYSE MACTRUONG and MAC TRUONG,

Debtors

Mac Truong,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-02932)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 11, 2009
Before: MCKEE, FISHER and CHAGARES,, Circuit Judges

(Opinion filed: June 25, 2009)
_____

OPINION
_____

PER CURIAM

        Mac Truong appeals from the District Court's order denying, among other things,

his motion to reopen his bankruptcy appeal.[1]  The District Court had initially dismissed the appeal for failure to designate the record on appeal and for failure to pay the required filing fees.  Truong then moved to reopen his appeal, proceed in forma pauperis ("IFP"), and stay proceedings "pending adjudication of other related appeals."  The District Court, while not addressing the IFP motion directly, denied relief and noted that the Bankruptcy Court had not granted IFP status, nor had Truong paid the required filing fees.  This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's denial of Truong's motion to proceed IFP, dismissal for failure to pay fees and motion to reopen his appeal for abuse of discretion.  See Max's Seafood Café ex rel. Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985).  Having granted Truong leave to proceed in forma pauperis on appeal, we must dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it is frivolous, i.e., if it has no arguable basis in law.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

IFP determinations are to be made solely on the basis of indigence.  See Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995); Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).  In the IFP application that Truong submitted to the District Court, he indicated that he had rental income of $3000 a month, two cars (though one had its "title

---

[1] We incorporate hereinafter the facts and procedural history of this case as set forth in our opinion disposing of Truong's related appeal, In re Truong, CA No. 08-3365.

in litigation"), "less than $500 average" in a bank account, and an IRA account worth $6000.[2] Given that information, we conclude that the District Court did not abuse its discretion when it dismissed Truong's appeal and denied his subsequent motions.

Accordingly, the appeal is devoid of legal merit and we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[2] The IRA account's worth has apparently dropped by $2000 since Truong last applied for IFP status.