DLD-121                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3013
_____

IN RE:  MAC TRUONG,

                                          Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-10-cv-00034)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on February 16, 2012

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: February 23, 2012 )
_____

OPINION
_____

PER CURIAM

        Mac Truong appealed a bankruptcy-court order in January 2010, but his appeal

was swiftly dismissed by the District Court because he had failed to comply with the

terms of a filing injunction.[1]  Truong did not appeal the dismissal to this Court; rather, on

_____

[1] Truong is a repeat litigant in this Court and elsewhere.  See, e.g., In re Truong, 327 F.
App'x 326 (3d Cir. 2009); In re Truong, 335 F. App'x 156 (3d Cir. 2009); In re Truong,
285 F. App'x 837 (3d Cir. 2008); In re Truong, 513 F.3d 91, 92 (3d Cir. 2008); see also

February 1, 2010, he filed in the District Court a combined motion to vacate the judgment and to reopen proceedings.[2] The District Court denied relief by order entered August 10, 2010. Truong took no further action until April 18, 2011—251 days later—when he moved to vacate the August 10 order and reopen proceedings, and in the alternative requested that the District Court grant him extra time to file a notice of appeal. The District Court denied the motion on July 5, 2011, and Truong (proceeding pro se and in forma pauperis) filed a notice of appeal on July 21.

As a preliminary matter, we have jurisdiction under 28 U.S.C. § 1291 to review only the District Court's July 5, 2011 order denying Truong's April 18, 2011 motion. Under Fed. R. App. P. 4(a)(1)(A), the notice of appeal in a civil case must be filed within thirty days after entry of the pertinent order or judgment. This time limit is jurisdictional and cannot be equitably tolled. See Bowles v. Russell, 551 U.S. 205, 214 (2007); Baker v. United States, Nos. 08–2288 & 08–2365, ___ F.3d ___, 2012 WL 433960, at *5–7 (3d Cir. Feb. 13, 2012) (distinguishing between jurisdictional and claims-processing rules). Truong's notice of appeal was timely filed in relation to the July 5, 2011 order only. Furthermore, no Fed. R. App. P. 4(a)(4)(A) exception applies; under any scenario,

_____

In re Truong, No. 09–11047, 2011 WL 2894580, at *2 & n.1 (Bankr. S.D.N.Y. July 15, 2011) (collecting state and federal cases, while describing Truong as "a fixture of the state and federal judicial system for over a decade"). Truong's plentiful filings have led, on occasion, to injunctions limiting future submissions. In this case, the District Judge was referring to an order she issued on May 1, 2008, in a previous appeal from the same bankruptcy action, that imposed filing preconditions upon Truong. See Order, D.N.J. Civ. No. 2:07-cv-05066, ECF No. 23.

[2] For the sake of brevity, we will not discuss these filings at length.

Truong's April 18 motion—no matter how it was styled—did not extend the time to appeal the underlying orders, as it was untimely filed in relation to them. See, e.g., Fed. R. App. P. 4(a)(4)(A)(v)–(vi); Fed. R. Civ. P. 59(b); Lizardo v. United States, 619 F.3d 273, 278 (3d Cir. 2010) ("An *untimely* Rule 59(e) motion does not toll the time for filing an appeal under Rule 4(a)(4)(A).") (emphasis in original).

Having reviewed the District Court's July 5 order, we detect no abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008); McDowell v. Phila. Hous. Auth., 423 F.3d 233, 238 (3d Cir. 2005); Nguyen v. Sw. Leasing & Rental, Inc., 282 F.3d 1061, 1064 (9th Cir. 2002). Truong provided no reasoning in support of his April 2011 motion. To the extent that he requested relief under Fed. R. Civ. P. 59(e) or Fed. R. App. P. 4(a)(6), his motion was untimely filed. Nor did Truong demonstrate the "extraordinary circumstances" required for relief under Fed. R. Civ. P. 60(b)(6). See Budget Blinds, 536 F.3d at 251. As the motion was facially without merit, we need not address the validity of the filing injunction imposed upon Truong.

For the foregoing reasons, and as we find that this appeal presents no substantial issue, we will summarily affirm the July 5, 2011 judgment of the District Court. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.