**ALD-085**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3275
_____

MATTHEW JONES,
                              Appellant

v.

JUSTICE OF THE PEACE COURT # 3
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-17-cv-00572)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 21, 2017
Before:  MCKEE, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 8, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Matthew Jones appeals the District Court's dismissal of his lawsuit alleging various criminal and constitutional violations against Justice of the Peace Court No. 3, in Georgetown, Delaware ("Justice of the Peace Court"). As the appeal lacks an arguable basis in law, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B)(i).

I.

Jones alleged in his complaint that he was subjected to enslavement, malicious prosecution, fraudulent medical diagnosis, sexual slavery, forced labor, identity theft, larceny, forgery, assault, attempted murder, rape, pedophilia, and other felonious acts. Jones alleged that the acts stem from his mother's call to 911 on December 31, 2014, and his subsequent arrest for felony assault. Jones further stated that he was taken to Sussex County Correctional Institute, and held without bail. Ultimately, he noted, the case was dismissed. The complaint additionally referred to a number of traffic incidents that occurred between 2002 and 2006, and Jones requested two billion dollars in damages.

The District Court dismissed Jones's case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) on the grounds that the Justice of the Peace Court, a state entity, was immune from suit, and that Jones's claims were frivolous. Finally, the District Court declined to exercise supplemental jurisdiction over any state-law claims, see 28 U.S.C. § 1367, and concluded that amendment of Jones's complaint would be futile. Jones timely appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Section 1915(e)(2)(B)(i) requires us to dismiss an appeal that

2

lacks an arguable basis in law or fact. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). An appeal that is based on "an indisputably meritless legal theory" is appropriate for dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). See Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995).

We agree with the District Court's dismissal of the suit on the basis that the Justice of the Peace Court is a Delaware state entity; indeed, Jones's appeal is indisputably meritless. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Amendment protects states as well as their agencies and departments from suit in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). A state agency or department is characterized as an "arm of the state," and is also entitled to immunity from suit under the Eleventh Amendment, when a judgment against it "would have had essentially the same practical consequences as a judgment against the State itself." Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 658 (3d Cir. 1989) (en banc).

Whether an agency is entitled to sovereign immunity is determined by balancing three factors: (1) whether the payment of the judgment would come from the state treasury; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has. Maliandi v. Montclair State Univ., 845 F.3d 77, 83 (3d Cir. 2016) (citing Fitchik, 873 F.2d at 659).

3

The Delaware Constitution vests the State's judicial power in "a Supreme Court, a Superior Court, a Court of Chancery, a Family Court, a Court of Common Pleas, a Register's Court, *Justices of the Peace*, and such other courts as the General Assembly [] shall have by law established[.]" Del. Const. art. IV § 1 (emphasis added). Moreover, the constitution provides that "Justices of the Peace [] shall be appointed by the Governor, by and with the consent of a majority of all the Members elected to the Senate, for such terms as shall be fixed this Constitution or by law." Del. Const. art. IV § 30. Accordingly, the Justice of the Peace Court is not independent of the State and cannot be regarded as having significant autonomy from it. See Benn v. First Judicial Dist. of Pa., 426 F.3d. 233, 239-40 (3d Cir. 2005) (concluding that Pennsylvania's First Judicial District is a state entity entitled to Eleventh Amendment immunity). And, in light of the Justice of the Peace Court's relationship with the State, "it is undeniable that [Delaware] is the real party interest in [this] suit and would be subjected to both indignity and an impermissible risk of legal liability if the suit were allowed to proceed." Id. at 241.

Therefore, we agree with the District Court that the Justice of the Peace Court is immune from damages under the Eleventh Amendment. We also agree with the District Court that dismissal is proper because Delaware is not a "person" subject to suit under 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 69 (1989). Consequently, Jones's claims could not proceed against the Justice of the Peace Court, the sole defendant.

4

We perceive no error in the District Court's decision to deny Jones leave to amend his complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002).  Also, given the foregoing, the District Court did not err in declining to exercise supplemental jurisdiction.  See 28 U.S.C. § 1367; see also Maher Terminals, LLC v. Port Auth. of N.Y. & N.J., 805 F.3d 98, 104 (3d Cir. 2015).  Because Jones has no arguable legal basis on which to appeal the District Court's order, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] We note that when the District Court issued its opinion, we had already held in another of Jones's cases that a different Justice of the Peace Court in Delaware was entitled to Eleventh Amendment immunity – and that the style of our analysis suggested we would reach the same result in a suit against any of Delaware's Justice of the Peace Courts.  We caution Jones against bringing baseless repetitive appeals.  See Fed. R. App. P. 38 (sanctions); In re Sindram, 498 U.S. 177, 179-80 (1991) (curtailment of in forma pauperis privileges).