**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1414
_____

MATTHEW JONES,
                              Appellant

v.

USA DISTRICT COURT OF EASTERN PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:25-cv-00940)
District Judge:  Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 23, 2025
Before:  HARDIMAN, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: July 29, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Matthew Jones appeals pro se the District Court's order dismissing his complaint as frivolous. We will affirm.

In his complaint, Jones claimed that sometime in 2001, security officials employed at the U.S. District Courthouse located in Philadelphia, Pennsylvania subjected him to "anal rape and gunshots" from the moment he entered the courthouse and continued to do so for a duration of three days. See ECF Dkt. No. 2 at 4–6. He asserted civil claims for attempted murder of an officer or government employee in violation of 18 U.S.C. §§ 1113, 1114.[1] He sought $250,000 in damages for every day he was subjected to this abuse, totaling $750,000.

The District Court granted Jones leave to proceed in forma pauperis and screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The District Court determined that Jones did not have standing to impose criminal liability against the U.S. District Court for the Eastern District of Pennsylvania, concluded his complaint seeking monetary damages under criminal statutes was frivolous, and dismissed the matter with prejudice.[2] Jones timely appealed.

---

[1] Jones has not alleged that he is an officer or government employee.

[2] The District Court correctly noted that Jones is a frequent litigant. This Court has expressly warned him about filing frivolous appeals on at least three occasions. See Jones v. Kent Cnty. Super. Ct., Del., 767 F. App'x 225, 226 n.1 (3d Cir. 2019) (per curiam); Jones v. Bridgeville Police Dep't, 758 F. App'x 235, 236 (3d Cir. 2019) (per curiam); Jones v. Just. of the Peace Ct. No. 3, 714 F. App'x 119, 121 n.1 (3d Cir. 2018) (per curiam).

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal. See Dooley v. Wetzel, 957 F.3d 366, 373–74 (3d Cir. 2020). "To be frivolous, a claim must rely on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Neitzke v. Williams, 490 U.S. 319, 327–28 (1989)).

We agree that Jones' complaint lacks an arguable basis in law or fact, as he does not have standing to impose criminal liability and he is not entitled to monetary damages under either statute. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Cent. Bank of Denv., N.A. v. First Interstate Bank of Denv., N.A., 511 U.S. 164, 190 (1994) ("[W]e have not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions."). Even construing the complaint liberally, we find no factual allegations from which we can reasonably infer that Jones has raised, or could raise, a plausible claim for relief. We therefore hold the District Court did not err in dismissing Jones' complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) without leave to amend. See Neitzke, 490 U.S. at 325; see also Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Nothing in his appellate brief—in which he provides lengthy quotations from various statutes and "conclusions" that lack factual or legal connection to this appeal—upsets this conclusion.

3

Accordingly, we will affirm the District Court's judgment.