**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1678
_____

MATTHEW JONES,
                              Appellant

v.

WESTMORELAND COUNTY DISTRICT COURT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-00380)
District Judge: Honorable J. Nicholas Ranjan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 21, 2026

Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: April 27, 2026)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Matthew Jones appeals *pro se* and *in forma pauperis* from the District Court's dismissal of his civil suit for failure to state a claim. We will affirm.

Jones is no stranger to this Court. In the last decade, he has appealed dozens of orders dismissing civil suits he brought against hundreds of defendants in Delaware and Pennsylvania, often predicated upon "a fantastic and delusional factual scenario" in which he was repeatedly murdered and resurrected. *See, e.g.*, *Jones v. Del. State Police*, C.A. No. 24-2992, 2025 WL 830440, at *1 (3d Cir. Mar. 17, 2025) (*per curiam*). His latest appeal is cut from that same cloth. Jones filed suit in the United States District Court for the Western District of Pennsylvania against the Court of Common Pleas of Westmoreland County, whose unnamed employees he claimed subjected him to "anal rapes and gunshots" and "ended" his life "by violent and perverted attacks many times." *See* ECF Doc. 3 at 4. He asserted civil claims for attempted murder of an officer or government employee in violation of 18 U.S.C. §§ 1113, 1114,[1] and he sought $250,000 in damages.

The District Court dismissed Jones's complaint for failure to state a claim because the criminal statutes he cited do not provide a civil cause of action, the state court likely is entitled to Eleventh Amendment immunity, and Jones did not identify any of his alleged killers with enough specificity to put them on notice of their need to defend. The

---

[1] Jones has not alleged that he is an officer or government employee.

court granted him leave to amend to cure these deficiencies; when he did not do so, the court converted its dismissal order into one with prejudice. Jones appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal. *See Dooley v. Wetzel*, 957 F.3d 366, 373-74 (3d Cir. 2020).

The allegations Jones raised in this case are virtually identical to the ones he lodged against unnamed federal court employees in *Jones v. USA District Court of Eastern Pennsylvania*, C.A. No. 25-1414, 2025 WL 2126622 (3d Cir. July 29, 2025) (nonprecedential). We affirmed the dismissal of those claims as frivolous because, "[e]ven construing the complaint liberally," he proffered "no factual allegations from which we [could] reasonably infer . . . a plausible claim for relief." *Id.* at *1. The same could be said here.[2] Jones obviously was not murdered by employees of Westmoreland County, and he has once again failed to identify any individual defendant who allegedly raped or shot him. The criminal statutes he relies upon still do not provide a civil cause of action. *See id.* (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Cent. Bank of Denv., N.A. v. First Interstate Bank of Denv., N.A.*, 511 U.S. 164, 190 (1994)). And, as we previously explained to him, Pennsylvania's Common Pleas Courts are entitled to Eleventh Amendment immunity. *See Jones v. Justice of the Peace Court #3*, C.A.

---

[2] We have expressly warned Jones about filing frivolous appeals on several occasions. *See Jones v. USA District Court*, 2025 WL 2126622, at *2 (collecting cases).

No. 17-3275, 714 F. App'x 119, 120 (3d Cir. 2018) (nonprecedential) (citing *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239-40 (3d Cir. 2005)).  The District Court did not err in dismissing his complaint.[3]

Accordingly, we will affirm the judgment of the District Court.

---

[3] As with his prior appeals, Jones filed a brief in this case that contains only "lengthy quotations from various statutes and 'conclusions' that lack factual or legal connection to this appeal."  *See Jones v. USA District Court*, 2025 WL 2126622, at *2.